208 So.2d 35 (1967)
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Clement RICHARD et al., Defendants-Appellees.
No. 2138.
Court of Appeal of Louisiana, Third Circuit.
November 29, 1967.
On Rehearing February 28, 1968.
Rehearing Denied March 25, 1968.
Writ Refused May 17, 1968.
*36 Carmouche & Shelton, by Thomas Robert Shelton, Rayne, for plaintiff-appellant.
Hugh E. Brunson, Crowley, Nolan J. Edwards, of Edwards, Edwards & Broadhurst, Crowley, for defendants-appellees.
Before SAVOY, CULPEPPER and LEAR, JJ.
SAVOY, Judge.
Plaintiff issued to defendant, Charles Richard, a policy of workmen's compensation insurance insuring farm operations conducted by him.
Among other persons allegedly insured, was Clement Richard, father of Charles. Clement was injured on May 12, 1966, while operating a tractor used for pumping water on rice land planted by Charles.
Clement made a claim with plaintiff to recover weekly workmen's compensation benefits and medical expenses.
Plaintiff instituted the instant suit against Charles and Clement to determine whether Clement was an employee of Charles within the contemplation of the Workmen's Compensation Act.
Defendant Clement filed an answer asking for weekly compensation payments, medical expenses, attorney's fees and penalties. Charles filed a motion for a summary judgment.
After a trial on the motion, judgment was rendered maintaining the summary judgment, awarding Clement total and permament disability not to exceed 400 weeks at $23.40 per week, but disallowing penalties and attorney's fees.
Plaintiff appealed the district court judgment. In its original brief, plaintiff contested the right of defendant Charles to file a motion for summary judgment. However, on oral argument, counsel for plaintiff stated that the only issue before the Court was whether Clement Richard was an employee of Charles Richard.
Counsel for plaintiff cites in support of its position the cases of Alexander v. J. E. Hixson & Sons Funeral Home, La.App., 1 Cir., 1950), 44 So.2d 487; and Caldwell v. Caldwell (La.App., 2 Cir., 1951), 55 So.2d 258.
In the Hixson case, supra, the Court of Appeal affirmed a district court judgment rejecting the claim of plaintiff suing under the Workmen's Compensation Act of this State. The Court held that where a florist and an undertaker agreed to work for each other without compensation, as their time would permit, plaintiff florist was not an employee of the undertaker within the purview of the Workmen's Compensation Act.
In the course of its opinion the Court stated:
"The essence of the relationship is the right to control. The four primary evidentiary factors considered in deciding the above are
"1. Selection and engagement.
"2. Payment of wages.
"3. Power of dismissal."
"4. Power of control."
*37 In the Caldwell case, supra, an emancipated minor sued his father and his father's insurer to recover compensation under the Workmen's Compensation Act. The lower court granted compensation. The Court of Appeal amended the judgment by reducing the award. On rehearing the Court of Appeal reversed the district court judgment and rejected plaintiff's demand. The Court stated that the plaintiff's testimony was contradictory and gave credence to the witnesses for defendants.
In both the Hixson and Caldwell cases, there was a dissenting opinion.
It can readily be seen from the above cited cases that it is difficult to determine whether an injured person is or is not an employee.
In a later case entitled O'Connor v. American Mutual Liability Ins. Co. (La.App., Orl., 1956), 87 So.2d 16, the Court of Appeal affirmed a judgment allowing workmen's compensation to a plaintiff where he sold merchandise for the insured of defendant on a commission basis and was supplied merchandise each morning by the insured without paying for the merchandise when received, and was also supplied a truck and fuel at no cost. Plaintiff was required to make daily remittances of the full amount received from his gross sales and to keep the insured posted as to his whereabouts. The Court found that plaintiff, who was injured while making calls on customers, was an employee, notwithstanding the fact that he was not carried on the payroll and that no taxes were withheld from his pay. In the course of its opinion, the Court said:
"A decision on the question whether a worker is an employee within the meaning of the Workmen's Compensation Statute or is to be placed within another category is not always easy to reach. Scarcely any general test can be applied to the cases. Power of control and superintendence and the right to `fire' or discharge by the employer are usually standards for making the test, but the Supreme Court has said the better policy is to judge each case on the circumstances and let the principle of state decisis govern. See Bell v. Albert Hanson Lumber Co., Limited, 151 La. 824, 92 So. 350. Usually where the right to direct or control exists there is to be found the employee relationship, but merely because a manufacturer or wholesaler assigns to a peddler or to a retailer a certain territory and limits the sales to the territory does not of itself show that he is an employee. Nor does the fact that a manufacturer or wholesaler retains the right to discontinue selling to a retailer, which would be tantamount to discharging him, justify the conclusion that the retailer is his employee. See our discussion of these points in Buettner v. Polar Bar Ice Cream Co., Inc., La.App., 17 So.2d 486."
In the instant case the agreement between the father and son is very indifinite. The testimony was inconclusive, possibly because the father did not understand English. Defendants contend that they exchanged labor and fixed the rate at $6.00 per day. This is how the judge arrived at a weekly compensation of $23.40. Although this arrangement extended for eight years, the son never paid the father. He admitted that he was not looking to his son for payment. There were no records kept. The evidence also reveals that the son never carried the father as an employee in the insurance policy. The father owned the land, furnished water, seed, fertilizer and insecticide. The revenues from the crop were split evenly between the parties. There is no evidence of any control by the son over the father or the right to dismiss him.
After a review of the record, we have arrived at the conclusion that plaintiff has not established an employee-employer relationship as contemplated by the Workmen's Compensation Act.
For the reasons assigned the judgment of the district court is reversed; and judgment is hereby rendered in favor of St. Paul Fire *38 and Marine Insurance Company and against defendants, Clement Richard and Charles Richard, decreeing that Clement Richard is not an employee of Charles Richard within the purview of the Workmen's Compensation Act, and that Clement Richard is not entitled to any workmen's compensation in this case.
Defendants to pay all costs in both courts.
Reversed and rendered.

On Rehearing
En banc.
CULPEPPER, Judge.
We granted a rehearing to reconsider our decision that Clement Richard is not an employee of his son, Charles Richard, whom we shall refer to hereinafter as father and son, respectively.
A more detailed study of all of the circumstances regarding this relationship leads us to the conclusion that the father was an employee of the son at the time of the accident.
Although the son owned no land of his own, he leased considerable acreage from others and during the year in question planted about 235 acres in rice. 65 acres planted in rice was leased from the father and the remainder from other parties. To conduct this farming operation the son owns tractors, plows, a combine and other equipment. Thus, the farming operation conducted by the son was of substantial size and required several employees.
The agreement, by which the father leased to the son the approximately 65 acres, was that the father furnished the land, seed, water, fertilizer and insecticides. The son furnished all of the labor and equipment to plant, cultivate and harvest the crop. At the end of the year they each received 50% of the proceeds from the sale of the rice on this 65 acres. This lease agreement applied only to the father's 65 acres.
The father owns a total of about 290 acres, including the approximately 65 acres leased to his son. The remainder of his land is used by the father to raise cattle and hay.
The employment agreement between the father and the son was that for every day's work furnished by the father to the son, the son would in turn furnish the father a day of labor, with the understanding that labor is worth $6 per day. At the end of the year it was their intention to balance these accounts and pay any sums owed. No sums of money had ever actually exchanged hands for the past several years. However, the evidence shows that the father worked for the son on the rice crop and that in return the son furnished labor to keep up his father's pasture, plant grass and clover and help tend 30 to 50 cattle.
An important fact, not emphasized by counsel until rehearing, is that at the time the father was injured he was not working on his own land. Instead, he was helping with the rice crop on lands which the son had leased from other persons. Thus, the father was not engaged in his own business but instead was furnishing services to a business which was solely that of his son. This gives rise to a presumption that the father was an employee of the son and places on the insurer the burden of proving otherwise.[1]
As we stated in our original opinion, there is no general test which can be applied in all cases to determine whether an employee-employer relationship exists. However, there must be a contract of employment, either express or implied, *39 whereby the services are furnished with the understanding that payment will be made therefor.[2] Here there was such a contract. The father agreed to furnish his services to the son with the understanding that the son would furnish the father labor of equal value. The father was not donating his services.
Now let us consider some of the other factors, as set forth in our original opinion, for determining whether there was an employee-employer relationship. We will discuss together the power of selection and engagement, power of dismissal and power of control, because they are closely related. Since the services were being furnished to the son's separate rice farming operation, over which he had exclusive control, there can be no question that he had the power to employ his father, to control where, when and how he worked and to dismiss him if he so desired.
If the father had been working on his own 65 acres of land (as some members of this court originally understood) there would be a serious question as to the son's right of control. For the father would then have been working in furtherance of his own business. But these are not the facts.
Finally, let us consider whether wages were paid. As we understand it, the insurer does not contend that wages must be paid in cash.[3] The insurer contends that the father furnished these services to the son as a gratuity, without any agreement or understanding that he would receive anything of value in return. This contention must fall, because the father and son both testified as to the above arrangement whereby they exchanged labor and there is no testimony to contradict them. Actually, the insurer admits in the allegations of its petition for declaratory judgment that the father and the son agreed to this "exchange of labor" on the basis of $6 per day. Hence, wages were paid.
For the reasons assigned, our original decision in this matter is recalled and set aside. It is now ordered, adjudged and decreed that the judgment appealed be affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
Rehearing denied.
NOTES
[1] Stull v. Russo, 85 So.2d 112 (La.App. 1st Cir. 1955); Harper v. Ragus, 62 So. 2d 167 (La.App., 2nd Cir. 1952); LSA-R.S. 23:1033 and 1044.
[2] Gentry v. Peterson, La.App., 19 So.2d 623; Kinnard v. Gibson, La.App., 172 So. 595; Malone, Louisiana Workmen's Compensation, Sec. 52.
[3] Many cases recognize that all "wages" do not have to be paid in cash. Benefits of economic value are considered as wages. Haas v. Globe Indemnity Company, 16 La.App. 180, 132 So. 246; Collins v. Spielman, 200 La. 586, 8 So.2d 608; Ardoin v. Southern Farm Bureau Casualty Insurance Company, 134 So.2d 323.