FRED W. JONES, Jr., Judge.
The principal issue posed by this appeal is whether a minor was an employee of his stepfather, within the meaning of our Worker’s Compensation Act, at the time of his accidental death.
Arnold sued to recover worker’s compensation benefits for the death of his minor son, Calvin, alleging that the youngster was killed while in the employment of his stepfather, McConnell. The latter’s worker’s compensation insurer, St. Paul Fire and Marine Insurance Company (“St. Paul”) was also made a defendant. When St. Paul denied coverage under its policy, McConnell made it a third party defendant also, asserting the existence of coverage.
After a trial on the merits, without going into the question of insurance coverage the trial judge concluded that plaintiff’s deceased son was not an employee of McConnell under the Worker’s Compensation Act and rejected plaintiff’s demands. Consequently, the third party demand was also dismissed.
Plaintiff contends on appeal that the trial judge erred in his ruling on the employment question. McConnell answered the appeal, with the contention that, if we hold him liable to plaintiff for worker’s compensation death benefits, St. Paul’s insurance policy covers that liability.
For the reasons hereinafter set forth, we affirm.
It was established at the trial on the merits that on July 25,1981 McConnell was transporting his 16 year old stepson, Calvin, and four others in a truck to a third party’s farm to pick up some previously baled hay. Calvin was killed en route when the truck collided with a train at a railroad crossing.
The facts in this case are essentially undisputed. McConnell testified that Calvin lived in a dwelling occupied by McConnell and the minor’s mother (to whom McConnell was married in 1978) for about eleven years prior to his accidental death. During this period of time McConnell provided for all of Calvin’s support. Along with three other children living in the home, Calvin received a regular cash allowance, varying from $10 to $20 per week, depending upon his needs.
McConnell’s usual work was that of a building contractor, but in the summer of 1981 he also cut and baled hay. When not in school Calvin assisted his stepfather in his business endeavor,, but never received any remuneration over and above his regular weekly allowance. This allowance was not reported by McConnell as a business expense nor was any deduction ever made for income or social security taxes.
McConnell stated that he did not require Calvin to go with him on the date of the fatal accident to pick up the hay, nor was it anticipated that Calvin would receive any pay for his work on that project. The regular allowance would continue whether Calvin assisted in picking up the hay or not, according to McConnell.
*404 La.R.S. 23:1231 provides that in certain circumstances the parent of a deceased employee is entitled to stipulated benefits.
A person may become an employee within the meaning of our Worker’s Compensation Act if he is performing a service for another with the latter’s consent and subject to his control or direction. No formal contract between the two is necessary and there need be no specific agreement as to how much is to be done or how long the arrangement shall continue. It is not required that the amount or terms of payment be settled, so long as the circumstances fairly indicate that the services were not intended as a gratuity and both parties understood that payment was to be made therefor. Malone & Johnson, Worker’s Compensation, 2d Ed., § 52, p. 71.
A person rendering services for another in any trades, businesses or occupations covered by the Worker’s Compensation Act is presumed to be an employee within the meaning of that statute. La.R.S. 23:1044.
Since Calvin was rendering a service for his stepfather at the time of his death, it is presumed as a matter of law that the minor was employed by McConnell when accidentally killed. The question is: did McConnell discharge his burden of rebutting that presumption?
In Caldwell v. Caldwell, 55 So.2d 258 (La.App. 2d Cir.1951), defendant was sued by his minor son for worker’s compensation benefits for an injury arising out of his alleged employment at the defendant father’s plant. The son was shown to have received considerable spending money from his father. We held that because “a father intermittently and irregularly advances cash to his minor son for services rendered by him, this does not create contractual employment, nor a legal status equivalent thereto.”
On the other hand, in St. Paul Fire & Marine Insurance Company v. Richard, 208 So.2d 35 (La.App. 3rd Cir.1968), a father and his adult son worked out an arrangement under which they exchanged labor on each other’s projects. The father raised cattle and leased part of his land to his son for rice production. Each worked from time to time in the other’s business. For every day’s work furnished by the father to the son, the latter would furnish the father a day of labor. The father was injured while working on the son’s rice crop. Finding that the father was an employee of the son for worker’s compensation purposes, the court commented:
“... [tjhere is no general test which can be applied in all cases to determine whether an employee-employer relationship exists. However, there must be a contract of employment, either express or implied, whereby the services are furnished with the understanding that payment will be made therefor. Here there was such a contract.” (Emphasis added)
In this case, there is no question but that for most of Calvin’s life McConnell had assumed the role of his father, particularly in the area of providing support. This relationship is not in itself determinative of the employment issue, but it is certainly a significant factor to consider. There is no evidence in the record to support appellant’s argument that Arnold agreed to work for his stepfather in exchange for a weekly cash allowance. Consequently, this case is readily distinguishable from Richard in which the father and his adult son entered into a contract of employment involving a mutual exchange of labor. The unrefuted fact is that Calvin was not to be paid anything in addition to his regular allowance for helping his stepfather pick up the hay.
After reviewing the record and the un-controverted facts contained therein, we conclude that the trial judge correctly held as a matter of law that plaintiff’s minor son was not an employee of the defendant McConnell at the time of his fatal accident. Judgment rejecting plaintiff’s demand was, therefore, appropriate.
This holding pretermits the necessity of considering the question of insurance coverage posited by McConnell’s answer to the appeal.
*405 For these reasons, we affirm the judgment of the district court at appellant’s cost.