471 So.2d 272 (1985)
Helen M. POSEY
v.
Wanda Byrd LEMOINE, Individually and as Representative of the Minor Child, Alicia Byrd, and Allstate Insurance Company.
No. CA-2708.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
*273 Pete Lewis, Lewis & Caplan, New Orleans, for plaintiff-appellant Helen Posey.
Felicien P. Lozes, New Orleans, for defendant-appellees Wanda Byrd Lemoine, Individually and as Representative of the Minor Child, Alicia Byrd and Allstate Ins. Co.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
KLEES, Judge.
This appeal stems from the district court's granting of an "Exception of No Cause or Right of Action and/or Motion for Summary Judgment" filed by defendants Wanda Byrd Lemoine and Allstate Insurance Company. On December 17, 1979, Mrs. Lemoine's daughter Alicia, then seven to eight years old, accompanied her mother to her place of employment, Metro News Agency, Inc., because the child was out of school on a holiday. While at the office, Alicia asked permission to operate the vacuum cleaner and was doing so when the plaintiff, also an employee of Metro News, tripped on the vacuum cleaner cord and was injured. Plaintiff brought a worker's compensation claim against Metro News, which she settled, and also sued Mrs. Lemoine in tort for the alleged negligence of Alicia. Allstate Insurance Company, which carries Mrs. Lemoine's homeowner's policy, was made an additional defendant in the tort suit.
Before the case was tried, defendants filed a motion for summary judgment claiming that the suit should be dismissed because under LSA-R.S. 23:1044, Alicia is presumed to be a statutory employee of Metro News and is therefore immune from liability for negligence. See LSA-R.S. 23:1032. The trial judge agreed and granted the motion. We reverse.
R.S. 23:1044 states, in pertinent part:
A person rendering service for another in any trades, businesses, or occupations covered by this Chapter is presumed to be an employee under this Chapter.
LSA-R.S. 23:1032 provides that the right of an employee to receive worker's compensation for a covered injury is exclusive of all other rights and remedies of such employee against his employer or co-employees. In granting the motion for summary judgment, the trial judge stated on the record that because plaintiff in her petition and in *274 a subsequent affidavit had admitted that Alicia was "operating" the vacuum cleaner, he felt constrained to hold that the child was "rendering service" under LSA-R.S. 23:1044 and therefore must be presumed to be an employee of Metro News. In our view, the trial judge erred in this determination.
Although one rendering service for another is presumed to be a statutory employee under LSA-R.S. 23:1044, this presumption may be rebutted upon proof that there was no contract of employment, either expressed or implied, between the alleged employee and alleged employer. Gaspard v. Travelers Ins. Co., 284 So.2d 104, 107 (La.App. 3d Cir.1973). See also: Caldwell v. Caldwell, 55 So.2d 258 (La. App. 2d Cir. 1951); St. Paul Fire and Marine Insurance Co. v. Richard, 208 So.2d 35 (La.App. 3d Cir.1968); Arnold v. McConnell, 424 So.2d 402 (La.App. 2d Cir. 1982). In the instant case, to defeat the summary judgment, plaintiff does not have to successfully rebut the presumption, but only to show that there exists a genuine issue of material fact with regard to whether Alicia was a statutory employee. La. Code Civ.Pro. art. 966. After reviewing the evidence, we find that there is obviously a factual issue as to whether a seven-year-old child is actually capable of "rendering service" within the meaning of R.S. 23:1044. The mere fact that Alicia was "operating" the vacuum cleaner does not mean the child was rendering service; she could have been simply playing with the vacuum cleaner, as plaintiff contended at the hearing on the motion.
In a novel argument, defendants assert that "it is of no moment whether or not the presumption of employment by Alicia is upheld and/or rebutted." Under their theory, the summary judgment should be affirmed because the courts have consistently refused to allow an employer or co-employee who is immune from tort liability under the statute to be sued in a "dual capacity." According to defendants, Mrs. Lemoine, who is immune from suit as a co-employee of plaintiff, cannot be sued in a different capacity (as the mother of Alicia) for an accident occurring at her workplace. We reject defendant's argument. Each of the cases cited by defendants in support of this argument involves an employer being sued for his own negligence under a different theory of liability. See, e.g., Tomasich v. United States Fidelity & Guaranty Co., 415 So.2d 1002 (La.App. 4th Cir.1982) (Employer sued in products liability as manufacturer and/or designer of equipment that caused injury); and Hebert v. Gulf States Utilities Co., 369 So.2d 1104 (La.App. 1st Cir.1979) (Employer sued as landowner of building where accident occurred). In the instant case, however, the employee, Mrs. Lemoine, is not being sued for her own negligence, but for the negligence of her minor child, for which she is legally responsible under LSA-C.C. Art. 2318. Because of this distinction, we do not think that the so-called "dual capacity" cases require an affirmance of the summary judgment herein.
Accordingly, because there exists a genuine issue of material fact as to whether the minor child Alicia was actually "rendering service" within the meaning of LSA-R.S. 23:1044, summary judgment is not appropriate in this case. We therefore reverse the "Exception of No Cause or Right of Action and/or Motion for Summary Judgment" granted by the district court and remand the case to that court for further action consistent with this opinion.
REVERSED AND REMANDED.