570 So.2d 1172 (1990)
Clara GOTTO
v.
ARA LIVING CENTER, d/b/a Meadowcrest Living Center, ARA Services, Inc., The Partnership of Jacob Karno, Thomas J. Ward, Wallace LeBrun, d/b/a Living Center Enterprises, d/b/a Meadowcrest Living Center, and St. Paul Mercury Insurance Company and Meadowcrest Living Center.
No. 90-CA-173.
Court of Appeal of Louisiana, Fifth Circuit.
September 13, 1990.
Writ Denied November 30, 1990.
*1173 Lawrence S. Kullman, Fredericka Homberg Wicker, New Orleans, for plaintiff/appellant.
Elizabeth O. Clinton, New Orleans, for intervenor/appellant.
Suzanne P. Keevers, Metairie, Paul G. Preston, Linda M. Uzee, New Orleans, for defendants/appellees.
Before GRISBAUM and GOTHARD, JJ., and KOLLIN, J. Pro Tem.
WALTER E. KOLLIN, Judge Pro Tem.
This appeal stems from the district court's award of summary judgment dismissing the plaintiff's claims. We reverse and remand.
Plaintiff-appellant, Clara Gotto, slipped and fell while performing volunteer work at Meadowcrest Living Center in Gretna, Louisiana. She filed a tort action in the 24th Judicial District Court for the injuries she sustained in the fall. Named as defendants in that action were ARA Living Center, d/b/a Meadowcrest Living Center, ARA Services, Inc., and/or ARA Living Center Eastern Division (hereinafter referred to as ARA). According to the petition's allegations, ARA was the managing and operating entity of Meadowcrest Living Center at the time of plaintiff's accident. She also named the Partnership of Jacob Karno, Thomas J. Ward, Wallace LeBrun, d/b/a Living Center Enterprises d/b/a Meadowcrest Living Center (hereinafter referred to as the Partnership) as a defendant, alleging that it was the owner of the premises at the time of the incident. National Union Fire Insurance Company, appellant-intervenor, intervened in the action, seeking recovery of medical expenses paid to plaintiff for her injuries under an endorsement to a worker's compensation insurance policy maintained by the Partnership.
The Partnership filed a motion for summary judgment alleging that it had no control over the daily operations of the center and therefore could not be held liable to plaintiff for any alleged negligent conduct. In a supplemental memorandum, the Partnership also raised the issue of the exclusivity of the Louisiana Worker's Compensation Act.
Thereafter, ARA also filed a motion for summary judgment, alleging that plaintiff, although an unpaid volunteer worker, was an employee of ARA for the purpose of applying the Louisiana Worker's Compensation *1174 Act. Thus, ARA argued that plaintiff's sole remedy for her injuries was worker's compensation. Plaintiff submitted a memorandum in opposition to ARA's motion for summary judgment urging that, as a volunteer, she could not be considered an employee for purposes of coverage under the Louisiana Worker's Compensation Act.
After hearing the arguments presented by the Partnership, the trial judge denied its motion for summary judgment, finding that there were still material issues to be resolved regarding the amount of control the Partnership had over the operation of the center. The trial judge also stated that he was not satisfied that plaintiff was an employee. After denying the Partnership's motion, the district judge heard ARA's summary judgment motion and took the matter under advisement. On December 12, 1989, the trial judge granted ARA's motion for summary judgment, reasoning that the plaintiff, while not compensated, "rendered services" for ARA and therefore was an employee of ARA within the meaning of the worker's compensation statute. The district judge concluded that the plaintiff was precluded from maintaining her tort action against ARA. After this ruling, the Partnership filed a second motion for summary judgment. Thereafter, the trial court reversed its earlier verbal ruling on the Partnership's original summary judgment motion and granted judgment in favor of the Partnership, thereby dismissing plaintiff's tort claim.
Plaintiff now appeals, raising two issues for this Court's consideration:
1. Whether there are genuine issues of material fact precluding summary judgment on the question of whether Clara Gotto was an employee of ARA Health Care Management, Inc.
2. Whether a volunteer rendering services gratuitously at a nursing home purely for charitable purposes may not be an "employee" within the meaning of Louisiana Worker's Compensation Act.
The well-settled rule is that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. L.S.A.-C.C.P. art. 966; Penalber v. Blount, 550 So.2d 577 (La. 1989); Caplan v. Pelican Homestead and Sav. Ass'n., 542 So.2d 622 (La.App. 5th Cir.1989).
The burden of proof in such a motion is on the mover to establish that there are no genuine issues of material fact. A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Penalber v. Blount, supra.
The court must test the efficacy of the motion for summary judgment by closely scrutinizing the mover's pleadings while treating those of the opposing party indulgently. Any reasonable doubt as to the existence of material fact should be resolved against mover in favor of full trial on the merits. Manders v. Singleton, 558 So.2d 772 (La.App. 5th Cir.1990).
In light of the foregoing principles, this Court must now determine whether the proof presented at the hearing on the motion for summary judgment established that plaintiff is an "employee" within the meaning of the Louisiana Worker's Compensation Act.
LSA-R.S. 23:1044 states, in pertinent part, as follows: "A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." This presumption may be rebutted upon proof that there was no contract of employment, either expressed or implied, between the alleged employee and alleged employer. Posey v. Lemoine, 471 So.2d 272 (La.App. 4th Cir.1985); Young v. Royal Jones & Associates, 521 So.2d 798 (La. App. 2nd Cir.1988). However, the plaintiff in this case is not required to successfully rebut the presumption in order to defeat *1175 the summary judgment. Instead, she must show that there exists a genuine issue of material fact with regard to whether an employer-employee relationship existed. LSA-C.C.P. art. 966.
The principal factors used to evaluate whether an employer-employee relationship exists are (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. See Bonstill v. Goldsberry Operating Co., 478 So.2d 729 (La.App. 3rd Cir.1985) and Chauvin v. Jefferson Parish School Bd., 534 So.2d 1359 (La.App. 5th Cir.1988).
The evidence presented at the hearing on the motion for summary judgment showed that plaintiff worked as a volunteer at Meadowcrest Living Center from July 1984 through October 9, 1985, the day of her accident. Although she had no set hours, plaintiff generally volunteered at the center five days per week for approximately three to four hours each day. Her "daily duty" was to call bingo; however, she was also asked to perform such activities as bringing books to the residents, reading to them, going on walks with them and talking with them.
Meadowcrest Living Center required plaintiff to complete and submit an application to work as a volunteer. Upon being selected as a volunteer, plaintiff was required to attend orientation and training sessions. The only personnel and accounting records maintained by Meadowcrest on its volunteers during this period of time were the volunteers' original applications.
Meadowcrest's patient activities coordinator was responsible for the volunteers. However, after the daily check-in with the activities coordinator, the volunteers received no direct supervision in the performance of their tasks.
The facts further reveal that plaintiff received no regular salary for her services; however, an endorsement to the Partnership's worker's compensation insurance policy covered the medical expenses incurred by plaintiff as a result of this accident.
Reviewing the evidence presented on the summary judgment motion, it is undisputed that plaintiff was not compensated for the services she performed at Meadowcrest Living Center. Nevertheless, that fact alone is not determinative of an employer-employee relationship. Vaughn v. Baton Rouge General Hosp., 421 So.2d 288 (La.App. 1st Cir.1982). There are still several genuine issues of material fact left to be resolved concerning the amount of control and/or supervision exercised by the Partnership and by ARA. Accordingly, we reverse the judgment of the trial court which granted the motions for summary judgment filed on behalf of ARA and the Partnership and remand the case to the district court for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.