| .PICKETT, Judge.
Claimant filed suit against Defendant nursing home seeking workers’ compensation benefits related to an injury allegedly incurred while lifting one of Defendant’s residents. The Office of Workers’ Compensation granted summary judgment in favor of Defendant finding that Claimant was not an employee of the facility. Claimant appeals. For the following reasons we reverse.
Factual and Procedural Background
Claimant in this workers’ compensation matter, Donna Hillman, is a licensed hair dresser who provided services for some of the residents at a nursing home facility owned by Defendant, Comm-Care Inc., at the time of the complained of injury. The record indicates that the facility, Community Care Center of Leesville, contained an on-site “shop” used for these purposes. Although facility personnel regularly washed and cut the residents’ hair, the shop was used for those residents | ^seeking additional hair-care. Claimant provided these services for the residents at an additional expense.
The injury for which recovery is sought occurred on August 7, 1996. According to Claimant’s deposition testimony, she injured her back while lifting a resident from her wheelchair. The record indicates that the injury subsequently required treatment and surgery. Following the injury, Claimant sought workers’ compensation benefits and filed a disputed claim for compensation on August 5, 1997, against defendant facility.
On March 2, 1998, Defendant filed a motion for summary judgment asserting that workers’ compensation benefits were not owed as Claimant was not an employee of the facility and, thus, was not due benefits under the workers’ compensation provisions. In support of this motion, Defendant filed Claimant’s testimony, affidavits of the administrators in charge of the facility, and the affidavit of the administrative assistant at the facility who stated that no employment records were maintained on Claimant and that Claimant was not on the nursing home’s payroll. In opposition, the Claimant filed her own affidavit wherein she stated that she performed under the control of facility personnel. Further, she provided a copy of the fees charged to the clients, the sign-in sheet used by the residents, and a copy of an advertisement which listed the shop as one of the facility’s features.
Following a hearing, the workers’ compensation judge granted the motion for summary judgment concluding that Claimant was not an employee of defendant. Claimant appeals assigning the following as error:
A. The hearing officer failed to consider the presumption of employee status. La.-R.S. 23:1044.
IsB. The hearing officer erred in concluding that no issues of material fact existed relative to the existence of an employee/employer relationship.
C. Alternatively, the hearing officer reached no conclusion whether plaintiff was a statutory employee.. Factual issues abound concerning whether plaintiff was a statutory employee. La.-R.S. 23:1062(1)(2).
Opinion

Employer-Employee Relationship

Claimant argues that the workers’ compensation judge erred in granting *843 summary judgment and maintains that various factual circumstances contained in the submission to the court evidence that genuine issues of material fact remain with regard to whether an employer-employee relationship existed.
La.Code Civ.P. art. 966 provides for summary judgment in the following instance:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been made. The defendant’s motion may be filed at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits pri- or to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
U(2) The burden of proof remains with the movant. However, if the mov-ant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements on the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Therefore, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Thus, the critical inquiry is whether any genuine issue of material fact remains. Upon review of a summary judgment an appellate court considers the matter de novo. Doucet v. Computalog Wireline Servs., Inc., 97-551 (La.App. 3 Cir. 10/29/97); 702 So.2d 1064.
“(A) prerequisite to any action arising under the Louisiana Worker’s Compensation Law is the existence of an employer-employee relationship.” Genusa v. Pointe Coupee Volunteer Fire Dist. No. 4, 93-2214, p. 3 (La.App. 1 Cir. 10/7/94); 644 So.2d 851, 852. We find claimant has carried her burden of proving an employer-employee relationship in the matter before us.
In Boswell v. Kurthwood Manor Nursing Home, 94-703 (La.App. 3 Cir. 12/7/94); 647 So.2d 630, writ denied, 95-0050 (La.3/17/95); 651 So.2d 267, this court stated that control is central to the employer-employee relationship and is evidenced by the following four factors:
1. Selection and engagement;
2. Payment of wages;
3. Power of Dismissal; and
4. Power of control.
Id., at p. 2; 647 So.2d at 631; see also Gotto v. ARA Living Center, 570 So.2d 1172 (La.App. 5 Cir.), writ denied, 571 So.2d 634 (La.1990). No single factor, however, [ fis determinative of the existence of a relationship; rather, the totality of the *844 circumstances presented must be considered. Boswell, 94-703; 647 So.2d 630.
In granting the summary judgment in the instant matter, the workers’ compensation judge explained as follows in oral reasons for ruling:
As to the motion for summary judgment, it’s going to be granted. The finding that there is no employer/employee relationship that existed, and I’m basing my decision on the Boswell versus Kurthwood Manor Nursing Home. The facts in this case of Ms. Hillman are similar to those of Boswell in that she has no contract of employment with the nursing home. She met only with the employer in the hallway, there was no application for employment, that the employee provided all the items needed to perform the hair care services, except for the basics of a chair or hair dryer. She worked at the expense of the clients that came and that they signed up on a sheet. The nursing home did open the doors at eight o’clock and held the key, but she set her hours as the number of clients came in and those clients signed up on their own, they were paid — she was paid directly by the clients or through their trust accounts at the nursing home. She was not paid directly by the nursing home, the nursing home did not have any withholding, and did not handle any payments to her at all. The nursing home — the services provided by Ms. Hillman were not part of the business of the nursing home, either part of their trade, business or occupation, that she provided luxury services, that the nursing home according to the affidavits provided the sanitary cares of hair washing, that the services Ms. Hillman provided for those above that. Those services provided by Ms. Hillman were — or the beauty shop that was provided by the nursing home that Ms. Hillman happened to be performing services at was an accommodation to the residents, it was not required by the nursing home to have a beautician there in addition to their usual sanitary means of washing hair or cutting, the nursing home would have provide[d] itself outside of the beautician. I note that in Boswell they talked about whether the nursing home had a right to exclude Ms. Boswell from the premises, and the same is true here, but that did not limit the Court from finding that there was no employee/employer relationship, and I understand that’s one of your arguments that you presented, that they may have had control of her, or told her to leave if she didn’t perform services, but the same was true in Boswell, that simply because they may — she didn’t come provide the services for a wedding or a funeral, that did not make her more of an employee/employer relationship exist. Based on all these reasons I am granting the motion for summary judgment and claimant’s case is dismissed.
The Boswell case relied upon by the workers’ compensation judge is factually similar to the instant matter. In Boswell, Claimant was a hairdresser providing services at Kurthwood Manor Nursing Home and was injured while transferring a patient between chairs in the nursing home’s hair styling facility. Finding that no employer-employee relationship existed between Claimant and the defendant nursing home, we reversed the workers’ compensation judge.
We find the instant case,while factually similar, is clearly distinguishable from Boswell. In the present case, Ms. Hillman was required to interview for the position with the nursing home. The nursing home controlled the days and the hours she worked. She was not given a key to the beauty-shop it was in the control of the nursing home. Although she was not paid directly by the nursing home, the home controlled the amount she was allowed to charge the patients to whom she provided a service.
These facts clearly distinguish this matter from the facts in Boswell. We determine that, considering the factors set forth *845 in Boswell, the workers’ compensation judge erred in making a legal determination that no employer-employee relationship existed.
DECREE
For the foregoing reasons, the decision of the Office of Workers’ Compensation is reversed.
REVERSED AND REMANDED.
AMY, J., DISSENTS AND ASSIGNS REASONS.
DECUIR, J., DISSENTS FOR REASONS ASSIGNED BY AMY, J.