^DECUIR, J.,
dissenting.
In affirming the judgment of the workers’ compensation judge, the majority relies heavily on this court’s opinion reversing a grant of summary judgment in Hillman v. Comm-Care, Inc., 98-1341 (La.App. 3 Cir. 5/19/99); 732 So.2d 841. I dissented from that decision and must respectfully dissent from this one as well.
I joined Judge Amy’s dissent in the first Hillman case because I thought summary judgment was appropriate. After reviewing the evidence submitted at trial, I am still of that opinion. I conclude now, as I did in the first Hillman opinion, that applying the factors enunciated in Boswell v. Kurthwood Manor Nursing Home, 94-703 (La.App. 3 Cir. 12/7/94); 647 So.2d 630, unit denied, 95-0050 (La.3/17/95); 651 *1154 So.2d 267, Hillman was not an employee of Comm-Care.
Specifically, I find that the first two factors of selection and engagement and payment of wages were not met in this case. With regard to selection and engagement, the majority contends that Hill-man was interviewed by the nursing home director for the position. The record reflects that this “interview” was a discussion in the hall where the rules for Hill-man’s use of the nursing home’s facilities were discussed, no application was completed, no written agreement was confect-ed, and no employment records were kept on the claimant. Such an | ¿‘interview” was not found to be indicative of employment in Jordan v. Central Management Co., 99-748 (La.App. 3 Cir. 10/13/99); 745 So.2d 116. Furthermore, the nursing home patients were not required to use Hillman’s service. They were free to use another hairdresser, either on or off site, or to have a family member come and do their hair on site. Thus, the use of Hill-man’s service was at the sole discretion of the individual clients.
With regard to the payment of wages element, it is undisputed that Comm-Care did not pay Hillman and she received no employment benefits. She was paid either by the individual clients themselves or from the patients’ escrow fund administered by the nursing home. Moreover, no federal, state or social security taxes were withheld by Comm-Care.
Finally, with regard to the elements of power of dismissal and control, the evidence introduced deals primarily with the nursing home’s power to dictate who used its facilities and how they were allowed to use them. There was no evidence that the limitations placed on Hillman were any different than the limitations placed on anyone using the facilities. Comm-Care clearly had the right to bar any party from using its facilities at any time. Accordingly, these elements of control do not create an employee relationship. There is no evidence that Comm-Care dictated how Hill-man was to complete her tasks with the exception of general rules required to insure proper sanitation.
Accordingly, I dissent, believing the factors enunciated in Boswell have not been met in the present case and the judgment of the workers’ compensation judge should be reversed.
In addition, I take issue with the majority’s excessive reliance on the previous Hillman decision in affirming the judgment of the workers’ compensation judge with 13regard to both employee status and the award of attorney fees. Specifically, I am concerned by the majority’s finding that, in the absence of additional new evidence, our prior opinion was determinative of the employee-employer relationship issue and precluded Comm-Care from asserting that it had reasonably controverted the claim.
The position asserted by the majority renders the reversal of a grant of summary judgment tantamount to a trial on the merits. This should not be the case. A reversal of a grant of summary judgment means only that the appellate court found genuine issues of material fact to be in dispute requiring a trial on the merits. Despite the broad and conclusive language employed in our prior Hillman opinion, the only issue determined was that a trial was required. Moreover, the import of that determination was weakened by the fact that it was a 3-2 split decision of the court.
Accordingly, the duty of this court in the present case is to examine the record to determine if the trial court’s evaluation of the fully developed evidence is manifestly erroneous. The majority casually dismiss *1155 es this review with the assertion that the defendant admits that it put on no new evidence. This position ignores the reality that a trial on the merits develops evidence more fully by providing an opportunity for explanation and cross-examination not available in an affidavit.
With regard to attorney fees, the majority contends that in light of our first Hill-man opinion, Comm-Care’s continued maintenance of this suit did not constitute reasonable controverting of this claim. I respectfully disagree. As noted previously, our prior decision only determined that a trial was necessary. Its split nature, the Boswell and Jordan cases, as well as the outcome of this appeal all demonstrate that Comm-Care reasonably controverted this claim.
|4For the foregoing reasons, I dissent. The judgment of the workers’ compensation judge, concluding that an employee/employer relationship existed between Hillman and Comm-Care and awarding attorney fees, should be reversed.