626 So.2d 1212 (1993)
Henry BROOM, et al., Plaintiffs-Appellants,
v.
LEEBRON & ROBINSON RENT A CAR, INC. d/b/a Budget Rent-A-Car, Defendant-Appellee.
No. 25,215-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1993.
*1214 Davis & Singleton by S.P. Davis, Shreveport, for appellants.
Wiener, Weiss, Madison & Howell by John M. Madison, Jr., Mark L. Hornsby, Shreveport, for appellee.
Before VICTORY, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
In this action to recover damages for breach of contract, the plaintiffs, Henry Broom and Loran Black, appeal a summary judgment rendered in favor of the defendant, Budget Rent-A-Car. We reverse and remand.
In their petition, plaintiffs allege that on June 7, 1991, Henry R. Broom, Sr. went to Leebron & Robinson Rent-A-Car, Inc. d/b/a Budget Rent-A-Car (Budget) in Shreveport to rent a car. Mr. Broom's credit card did not have sufficient credit available, so Budget refused to rent the car to him. Mr. Broom returned to Budget later that same day with his brother-in-law, Loran Black, Sr. At that time, Mr. Black presented his credit card and entered into a written agreement with Budget to rent a Lincoln Town Car for a period of one week, at the rate of $199.00, with a return date of June 14, 1991. Mr. Broom was listed in the contract as an additional driver. Mr. Black also purchased a Loss Damage Waiver from Budget for an additional fee. Mr. Broom and his wife had planned to travel to New Jersey in the rental car. Mr. Broom alleges that they also intended to travel to Houston, Texas.
On or about June 9, 1991, while Mr. Broom was in Houston, Texas, he notified Budget that the tires and wheels had been stolen from the car. Plaintiffs requested that Budget replace the wheels and tires or provide them with a replacement vehicle so that they could complete their trip. Budget demanded that plaintiff's replace the wheels and tires. Budget also refused to give the Broom's another car.
Mr. Broom eventually rented another vehicle in Houston, Texas, and returned to Shreveport. Because of the delay, he and his wife had to purchase airline tickets to travel to New Jersey.
A representative of Budget later traveled to Houston to recover the rental car. The tires and wheels were replaced at a cost of approximately $1,800.
On June 4, 1992, both Mr. Broom and Mr. Black filed this suit against Budget seeking the following damages as a result of Budget's alleged willful, wanton, and intentional *1215 breach of contract: 1) loss of use of the rental vehicle; 2) loss of business trip; 3) mental anguish, distress and inconvenience; 4) economic loss; 5) attorney fees; and 6) exemplary damages. Budget reconvened requesting the rental car fee and the replacement cost of the tires and wheels. On August 10, 1992, Budget filed a motion for summary judgment. On August 31, 1992, the motion was argued and taken under advisement. Subsequently, the trial court granted the defendant's motion for summary judgment and dismissed plaintiffs' claims. Plaintiffs appealed.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.
The motion for summary judgment is a procedural device to avoid a full scale trial where there is no genuine factual dispute. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such an issue must be resolved against granting the motion. Ouachita National Bank v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).
To satisfy his burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. The papers supporting the mover's position are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Ouachita National Bank, supra.
Summary judgment will not be granted even if the trial court has grave doubts as to a party's ability to establish the disputed facts. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. The weighing of conflicting evidence therefore has no place in summary judgment procedure. Ouachita National Bank, supra.
If the supporting documents presented by the moving party are insufficient to resolve all material facts at issue, summary judgment must be denied. If sufficient, the burden shifts to the opposing party to present supporting evidence showing that material facts are still at issue. LSA-C.C.P. Art. 967. A summary judgment is not a substitute for a trial on the merits. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
In the instant case, Budget asserts that since the plaintiffs' suit arose out of the alleged theft of the tires and wheels from the vehicle, summary judgment was properly granted. Budget argues that under the rental contract, it is not liable to the plaintiffs as a result of the theft of the tires and wheels. Budget offers the following language from the rental contract in support of its position:
CUSTOMER IS RESPONSIBLE FOR DAMAGE TO GLASS, WHEELS AND RIMS, AND LIGHTS.
No written reasons for judgment appear in the record of this case. In its "Judgment", the trial court concluded that "any genuine issues of material fact set forth in plaintiffs' petition are not recoverable under the contract between the parties and applicable Louisiana law." We are unsure of the trial court's exact meaning but it appears that it found that the items of damage claimed by the plaintiffs are not recoverable under the contract or Louisiana law.
*1216 Although the cited provision of the agreement holds the customer responsible for damage to the wheels and rims, we find no provision in the contract which makes the customer responsible for the theft of the wheels and rims. To the contrary, paragraph 8 of the contract provides that a renter who declines the optional Loss Damage Waiver is responsible for the full value of any loss or damage due to theft and other enumerated occurrences. The clear implication of this provision is to relieve responsibility for theft damages to those renters who purchase a Loss Damage Waiver.
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. Art. 2045. Also, in determining the meaning of the words to a contract, they are to be given their generally prevailing meaning. LSA-C.C. Art. 2047; Schroeder v. Board of Supervisors, supra.
In this case, the plaintiffs purchased a Loss Damage Waiver. Under the terms of the contract, they were not responsible for the theft of the wheels and tires. Thus, Budget's argument it could not have breached the contract for failing to replace the tires and wheels because plaintiffs were responsible for theft under the contract is without merit.
In its motion for summary judgment Budget additionally cited paragraph 16(B) of the rental agreement in support of its position that it was entitled to judgment as a matter of law. Paragraph 16(B) of the rental agreement provides that Budget "shall have no liability for any indirect, special or consequential damages arising in connection with the furnishing, performance or use of the vehicle or for any claim based on the failure to honor a vehicle reservation requested by Renter."
Apparently, Budget and the trial court believed this "non-liability" provision of the rental contract defeats the plaintiff's entire cause of action. We again disagree.
LSA-C.C. Art. 2004 provides:
Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.
Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.
Here, the plaintiffs' petition alleges an intentional refusal by Budget to honor the terms of the rental agreement. It is contrary to public policy and in contravention of Louisiana law to allow a contracting party to prospectively absolve itself from liability for injuries incurred through its intentional or grossly negligent acts. LSA-C.C. Art. 2004. See also, Ramirez v. Fairgrounds Corp., 575 So.2d 811 (La.1991); Walker v. Self Service Storage and Miniwarehouses, Inc., 492 So.2d 210 (La.App. 4th Cir.1986). There appear to be genuine issues of material fact as to whether Budget's conduct in this case amounted to "intentional or gross fault." That is, was the denial of replacement of the tires and wheels a reasonable interpretation of the contract? Was Budget's refusal intentional or grossly negligent?
In the absence of "intentional or gross fault," there would still remain issues of material fact given that the terms contained in Paragraph 16(B), "indirect," "special," and "consequential" are vague and are not defined by the contract. Whether the items of damage claimed by the plaintiffs would be prohibited by this provision is best decided by the trier of fact following trial.
Finally, Budget argues that summary judgment was appropriate because none of the damages sought by plaintiff are recoverable under Louisiana law. It contends plaintiff cannot recover damages for mental anguish or inconvenience based on a breach of contract.
LSA-C.C. Art. 1994 provides:
An obligor is liable for the damages caused by his failure to perform a conventional obligation.
LSA-C.C. Article 1997 provides:
An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.
*1217 LSA-C.C. Article 1998 then sets forth the requirements for the recovery of nonpecuniary damages:
Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.
If plaintiffs intended, and the nature of the contract supports this contention, to gratify a significant nonpecuniary interest by way of the contract, and, if the obligor knew or should have known that failure to perform would cause nonpecuniary loss to the obligee, then the requirements for recovery of nonpecuniary damages are satisfied. See generally, Young v. Ford Motor Company, Inc., 595 So.2d 1123 (La.1992); Mayerhofer v. Three R's Inc., 597 So.2d 151 (La.App. 3d Cir.1992); Whitener v. Clark, 356 So.2d 1094 (La.App. 2d Cir.1978) writ denied, 358 So.2d 638 (La. 1978).
In the instant case, plaintiffs seek damages for both pecuniary and nonpecuniary loss. They argue that they are entitled to damages for mental anguish and inconvenience because they had a significant nonpecuniary interest in executing the rental contract. This assertion is best proved or disproved after the facts are established at a trial on the merits.
The evidence adduced in support of the motion for summary judgment does not establish beyond genuine dispute that Budget complied with the terms of the rental contract. Consequently, the movers failed to demonstrate that they were entitled to a judgment as a matter of law, and the motion for summary judgment was erroneously granted.
Having found that summary judgment was improperly granted, we do not reach the other issues raised on appeal.
Accordingly, the summary judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellee, Budget Rent-A-Car.
REVERSED AND REMANDED.
VICTORY, J., concurs in result.