664 So.2d 680 (1995)
Janet Enise BURRIS, Individually, and as Natural Tutrix of her minor child, Tina Rene Burris, Plaintiff-Appellant,
v.
LaSALLE PARISH POLICE JURY, Defendant-Appellee.
No. 95-696.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*681 George F. Griffing, Jonesville, for Janet Enise Burris, Ronnie Burris.
Todd G. Newman, Monroe, for LaSalle Parish Police Jury.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
WILLIAM N. KNIGHT, Judge Pro Tem.
This is a workers' compensation case. The sole issue on appeal is whether the hearing officer properly granted defendant's motion for summary judgment.

FACTS
In September 1993, Ronnie Dale Burris began working for defendant, LaSalle Parish Police Jury, driving a garbage truck in the parish collecting trash. On February 2, 1994, Burris' garbage truck ran out of gas while he was collecting trash on one of his routes, and he walked approximately one and one-half miles to a telephone to call for fuel. After making the call, Burris suffered a heart attack and died.
Subsequently, Burris' widow, Janet, individually, and as natural tutrix of their minor daughter, Tina, filed suit against LaSalle Parish Police Jury requesting appropriate death benefits, funeral expenses, and the assessment of attorney's fees and penalties. In response, defendant filed a motion for summary judgment alleging that Burris had forfeited any benefits that he or his dependents would be entitled to because he had failed to answer truthfully the questions posed to him on the pre-employment questionnaire with regard to his prior medical condition. After a hearing, the hearing officer granted defendant's motion for summary judgment, finding that any benefits which Burris or his dependents may have been entitled to were forfeited under La.R.S. 23:1208.1 because (1) Burris failed to truthfully answer questions about his prior medical condition; (2) there was a direct relationship between his false statement and the medical condition for which the compensation claim was made; and (3) the notice requirements of the statute were met.
Janet appeals from that judgment and asserts that the hearing officer erred in granting defendant's motion for summary judgment because the pre-employment questionnaire did not have the forfeiture warning in 10-point type as mandated by La.R.S. 23:1208.1.

LAW

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Summary procedure should be used cautiously and sparingly, and any reasonable doubt should be resolved *682 against the mover in favor of a full trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989). To satisfy the burden of showing that no genuine issue of material fact exists, the party moving for summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to existence of material fact. Broom v. Leebron & Robinson Rent A Car, Inc., 626 So.2d 1212 (La.App. 2 Cir.1993). Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir.1991), writ denied, 596 So.2d 211 (La.1992). Whether or not a particular fact is material can be seen only in the light of substantive law applicable to the case. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).

FORFEITURE OF BENEFITS
La.R.S. 23:1208.1, which governs the forfeiture of compensation benefits, states:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
Therefore, the forfeiture of workers' compensation benefits under La.R.S. 23:1208.1 is conditioned on the presence of three factors, namely: (1) an untruthful statement; (2) a direct relationship between the answer elicited and the claim for benefits or ability to receive reimbursement from the second injury fund; and (3) compliance with the notice requirements of the statute. Williams v. Holly Hill Nursing Home, 93-557 (La.App. 3 Cir. 3/30/94), 640 So.2d 383, writ denied, 94-1134 (La. 7/1/94), 641 So.2d 208.
In the case sub judice, regarding an untruthful statement, defendant entered into evidence Burris' medical records from the Louisiana State University Medical Center in Shreveport which revealed that Burris had undergone a heart catheterization and angioplasty surgery in 1987 for blockages in his heart. This surgery was in conjunction with a ten day stay in the hospital. The medical records also indicated that Burris was diagnosed with "coronary artery disease" and that he had a "history of hypertension and coronary artery disease." Next, defendant entered into evidence Burris' pre-employment questionnaire that he completed in September 1993. On this questionnaire, Burris answered that he had never had "cardiac (heart) disease" and that he had never had any type of surgery.
Defendant then submitted Burris' certificate of death which revealed that he died from a "coronary artery occlusion" that was caused by "atherosclerotic heart disease" that he had been suffering from for years. Defendant pointed out that Janet was making a claim for benefits as a result of her husband's heart attack and that this was directly related to his false statement on the pre-employment questionnaire that he had never had a history of heart disease.
Regarding compliance with the notice requirements of La.R.S. 23:1208.1, defendants offered the testimony of Patsy Breithaupt, custodian of employment records for the defendant, who stated, in part, that:
Q. On the back of the questionnaire is a warning that is printed in bold-faced type. Is this type larger than the rest of the type on the questionnaire?
A. Yes.
Q. And could you read this provision for the Court, please?
A. "I understand that my failure to answer truthfully may result in forfeiture of worker's compensation benefits under Revised Statute 23:1208.1"

*683 Q. And that's signed by Mr. Burris?
A. Right.
Finally, defendant submitted the pre-employment questionnaire which corroborated Breithaupt's testimony that the forfeiture warning was in bold-faced type, was substantially larger than the print used to type the other questions, and that the warning was clearly posted above Burris' signature. However, defendant failed to offer any evidence that the warning on the pre-employment questionnaire was in 10-point type as mandated by La.R.S. 23:1208.1. Therefore, defendant did not meet its burden of proving that there is no genuine issue of material fact.
It is not the function of the court to determine the merits of the case on summary judgment. Watson v. Cook, 427 So.2d 1312 (La.App. 2 Cir.1983). Summary judgment cannot be used as a substitute for a trial. Iberia Sav. & Loan Assn. v. Warren, 569 So.2d 1118 (La.App. 3 Cir.1990), writ denied, 573 So.2d 1120 (La.1991). Thus, we conclude that summary judgment in favor of the defendant was improper.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is reversed. Costs of this appeal are assessed against the defendant-appellee, LaSalle Parish Police Jury.
REVERSED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as pro tempore Judge by appointment of the Louisiana Supreme Court.