JiDOUCET, Chief Judge.
The plaintiffs’ wrongful death and survival actions were dismissed pursuant to a motion for summary judgment. This is an appeal from that dismissal.
On June 3,1994, Oscar Willis was working at the port of Iberia, in Iberia Parish, Louisiana. Apparently in order to get out of the sun and believing that the rig was not being used, Willis sat under an eighteen wheel tractor-trailer rig owned and operated by Arthur Benoit, Jr. Benoit moved the truck and Willis was crushed to death. Suits were filed by Willis’ mother, Wilda Willis, and on behalf of his two minor children, Oscar Lee Willis Bob and Philip Angelle. Made defendants were Arthur Benoit, Jr.; B & B Trucking, a company solely owned and operated by Benoit; and Benoit’s liability insurer. Be-noit moved for summary judgment alleging that no 12issue of material fact remained but that he and Willis were both employees of Dynasty Transportation, Inc. (Dynasty) and that as a result the sole remedy available to *1322 Willis’ survivors was under the worker’s compensation law. The trial judge granted the motion and dismissed the plaintiffs’ demands. The plaintiffs appeal.
The outcome of this case turns on the employment relationships between the various parties. Dynasty trucking contracted with the Port of Iberia to move pipe from the Port to another location. Willis was an employee of Labor Express, Inc., which furnished labor to Dynasty. The parties have stipulated that Willis was a statutory employee of Dynasty. The question before us here is whether the record supports the conclusion that Benoit was also an employee of Dynasty. The plaintiffs contend that Benoit was an independent contractor who leased his truck to Dynasty. The defendants contend that Benoit was the direct employee of Dynasty and that, since both Willis and Benoit were employed by Dynasty, the plaintiffs’ exclusive remedy is under the worker’s compensation law.
Appellate courts review summary judgments de novo under the same criteria that governs the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Summary procedure should be used cautiously and sparingly, and any reasonable doubt should be resolved against the mover in favor of a full trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989). To satisfy the burden of showing that no genuine issue of material fact exists, the party moving for summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to existence of material fact. Broom v. Leebron & Robinson Rent A Car, Inc., 626 So.2d 1212 (La. App. 2 Cir.1993). Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir.1991), writ denied, 13596 So.2d 211 (La.1992). Whether or not a particular fact is material can be seen only in the light of substantive law applicable to the case. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
Burris v. LaSalle Parish Police Jury, 95-696 (La.App. 3 Cir. 11/2/95), 664 So.2d 680, 681-682.
The existence or non-existence of an employment relationship between Benoit and Dynasty is a mixed question of law and fact. If no genuine dispute remains as to a material fact underlying the relationship between Benoit and Dynasty, summary judgment is proper. Simon v. Orange Leader Newspaper, Inc., 94-589 (La.App. 3 Cir. 12/7/94), 647 So.2d 624, writ denied, 95-0068 (La. 3/10/95), 650 So.2d 1181.
This court in Boswell v. Kurthwood Manor Nursing Home, 94-703, p. 2 (La.App. 3 Cir. 12/7/94), 647 So.2d 630, 631, writ denied 95-0050 (La. 3/17/95), 651 So.2d 267, explained the method of determining the existence of an employer/employee relationship:
A prerequisite to any action in worker’s compensation is the existence of an employer/employee relationship. Loomis v. Highland Hosp., Inc., 274 So.2d 200 (La. App. 2d Cir.1973)_ The right to control is the essence of the employer/employee relationship, evidenced by four primary factors:
1. Selection and engagement;
2. Payment of wages;
3. Power of dismissal; and
4. Power of control.
Prince v. Baton Rouge Gen. Hosp., 449 So.2d 90 (La.App. 1st Cir.), writ denied, 450 So.2d 966 (La.1984); Vaughn v. Baton Rouge Gen. Hosp., 421 So.2d 288 (La.App. 1st Cir.1982), and cases cited therein. None of these factors alone is determinative of an employer/employee relationship; the totality of the circumstances must be-considered.
*1323 |4The court, in Hickman v. Southern Pacific Transport Co., 262 La. 102, 117, 262 So.2d 385, 390 (La.1972), described the independent-contractor relationship, as follows:
It is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in ease the agreement is not fulfilled in accordance with its covenants. The relationship presupposes a contract between the parties, the independent nature of the contractor’s business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955).
The law further recognizes that inquiry to determine whether a relationship is that of independent contractor or that of mere servant requires, among other factors, the application of the principal test: the control over the work reserved by the employer. In applying this test it is not the supervision and control which is actually exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists. Amyx v. Henry & Hall, ibid.
In this case, the motion for summary judgment was supported by deposition testimony, financial records and the contract between Benoit and Dynasty.
Two truck drivers testified via deposition that they had been engaged by the owner of the truck rather than by the lessee, Dynasty. The contract between Benoit and Dynasty shows that no one could drive Be-noit’s truck without the approval of Dynasty. However, after the accident when Dynasty wanted to put another driver in Benoit’s truck, Benoit was allowed to veto the idea, according to his deposition testimony. On the other hand, Benoit filled out an employment application and ^underwent a pre-em-ployment physical. Additionally, he was paid separately for the lease of the truck and for wages. However, in his deposition, Benoit stated that he could decide to accept or reject a hauling job when called by Dynasty. He stated that it was entirely his decision whether and when to take time off. He supposed Dynasty could tell him to do what they wanted him to do but stated that it had never happened.
This testimony puts the right to control in question. Examining this evidence under the criteria eited above, we find that a material question of fact remains as to whether Benoit was an employee or independent contractor of Dynasty. Accordingly, we find that the trial court erred in granting summary judgment.
As a result, the judgment of the trial court dismissing the plaintiffs’ claims against Be-noit is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Benoit.
REVERSED AND REMANDED.