274 So.2d 200 (1973)
Maxine M. LOOMIS, Plaintiff-Appellant,
v.
HIGHLAND HOSPITAL, INC., Defendant-Appellee.
No. 12016.
Court of Appeal of Louisiana, Second Circuit.
February 6, 1973.
*201 John A. Richie, Edward Kernaghan, Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts, by J. Edgerton Pierson, Jr., Shreveport, for defendant-appellee.
Before AYRES, BOLIN, and HEARD, JJ.
AYRES, Judge.
This action, instituted under the provisions of the workmen's compensation statute (LSA-R.S. 23:1021 et seq.), presents an alternative demand to that for damages in an action in tort contained in Loomis v. Highland Hospital, Inc. et al., bearing No. 12,015 of the docket of this court, this day decided (274 So.2d 198).
Both actions arose out of the same accident; they were not consolidated but separately tried, the action in tort, upon its merits, and this, the compensation case, on a motion for a summary judgment, followed by the rendition of separate judgments. The motion in the instant case was sustained and plaintiff appealed.
As a basis of their respective positions with reference to the merits of the motion for a summary judgment, both plaintiff and defendant relied upon and filed excerpts of the sworn testimony taken on the trial of the action in tort. Neither objected to the form of this proceeding nor as to the testimony offered in support of or in opposition to the motion.
The accident of which plaintiff complained occurred about 2:40 p. m. on April 2, 1971, as plaintiff walked across an unimproved parking lot owned by defendant located across a side street from the hospital and its principal facilities. The lot involved was posted for the use of hospital employees only. Plaintiff contends that as she walked across the parking lot she slipped and fell and that, as a result, she sustained permanent disabling injuries entitling her to the maximum benefits prescribed for total disability.
It is deemed necessary at this point to note that the scope of the workmen's compensation statute is limited to rights and duties that obtain between employers and employees. It follows that the existence of an employer-employee relationship or of a similar relationship between an employee and an independent contractor is an essential requisite to any action arising under the statute. Thus, it must be concluded that this relationship predicated upon a contract must be expressly stated or implied. The burden of proof is upon a claimant to establish this requisite by a reasonable preponderance of the evidence.
As a basis for the establishment of the aforesaid relationship, plaintiff alleges:
1. That she was employed directly by Highland Hospital, Inc., as a medical aid at a weekly wage of $79.20;
2. That, in the alternative, she was an employee of an independent contractor; and
3. That, still further in the alternative, she was herself an independent contractor doing a substantial part of *202 the manual labor associated with her employment.
Defendant, in its motion for a summary judgment, controverted plaintiff's claim to an employer-employee relationship and averred there was no genuine issue as to a material fact concerning the question of plaintiff's employment at the time of the alleged accident. That plaintiff was an employee of the defendant is disproved not only by her own testimony but by that of Mrs. Nezzie Perkins, director of nursing facilities at the Highland Hospital, adduced during the trial of the action in tort, excerpts of which were attached to and made a part of defendant's motion.
In this connection, the record establishes that Mrs. Martha Patterson, a patient in the hospital, was in need of a "sitter," or a medical aid, to sit with and attend her, and to render her minor but nonmedical services such as keeping her bed in order, adjusting the patient thereon, noting her pulse, and taking her blood pressure and temperature.
Plaintiff was listed on the Bluebird Medical Register, Inc., a general listing of those who desired to be called for service as medical aids, or "sitters." In this instance, the registry was notified by defendant's supervisor of nurses that Mrs. Patterson was in need of the services of a member of that organization and that Mrs. Patterson had suggested that plaintiff, Mrs. Loomis, be sent to fill that need. Mrs. Loomis was notified and she accepted the referral. It was on her way to the hospital that she sustained accidental injuries.
Mrs. Loomis testified and so did the Director of Nursing Service, as shown by excerpts of their testimony, that Mrs. Loomis was employed and paid for her services by the patient for and with whom she worked. There was no contract with the hospital as to her employment. The responsibility of the hospital was to ascertain that the medical aid was qualified to and did perform the services for which she was employed and paid by the patient. In this instance, we are impressed that the hospital's only other connection with Mrs. Loomis' employment was the calling of the registry for and on behalf of the patient which, as done in the instant case, was for the patient's accommodation.
Thus, as will appear from the foregoing sworn testimony of plaintiff and of defendant's supervisor of nurses, plaintiff, at the time of the accident forming the basis of this action, was not an employee of Highland Hospital, Inc., nor a contractor for the hospital. Neither was the Bluebird registry an employee or a contractor or subcontractor of the hospital; nor was plaintiff employed by that organization in its alleged capacity as a subcontractor. To the contrary, plaintiff was an employee of Mrs. Martha Patterson, who, at the time, was a patient confined in the hospital. Plaintiff's services were engaged by Mrs. Patterson through the Bluebird registry of medical aids, which organization had no contractual relationship with the hospital to perform the services of a medical aid, or sitter. The responsibility of the registry was, so it appears, to maintain a list of those persons qualified to render such services and to recommend, when so requested, a person for employment.
From the above, we conclude, as did the trial judge, there was no employer-employee relationship between plaintiff and the hospital that would entitle plaintiff to recover from the defendant the benefits prescribed by the workmen's compensation statute. Hence, the judgment sustaining the motion for a summary judgment was proper. It is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.
BOLIN, J., dissents, giving written reasons.
BOLIN, Judge (dissenting).
Louisiana Code of Civil Procedure Article 966 provides, in substance, that the *203 judgment sought (by motion for summary judgment) shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C.C.P. Art 967 provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." (Emphasis ours)

* * *
Excerpts of testimony adduced in the tort suit, previously filed by this plaintiff, were attached to the motion of defendants and the affidavit of plaintiff-opponent. However, these papers (testimony) were neither certified nor sworn to and there is nothing to indicate they were true copies.
Even assuming the mandatory language in Article 967 is applicable to the portion of that article providing the sworn or certified copies "shall be attached to or served therewith", and that there is no mandate the papers shall be sworn or certified copies, there is no indication as to who was questioning the witnesses nor the purpose of the testimony. Further, there was no opportunity for objection to the relevance of the testimony as it related to a workmen's compensation case and no opportunity for counsel for plaintiff to elicit facts concerning the extent of the relationship (or contract) between the hospital and the Blue Bird Sitting Service. As observed in the majority opinion, the companion case from which the excerpts of testimony were taken was a tort suit by this plaintiff against the hospital for injuries suffered on the hospital parking lot reserved for the use of hospital employees.
Highland Hospital attached to its motion for summary judgment a portion of the testimony of Mrs. Nezzie Perkins, director of nursing services at Highland Hospital. It seeks by this testimony to establish the relationship between the hospital, the Blue Bird Sitting Service and plaintiff.
Also attached to plaintiff's affidavit was a portion of the testimony of Mr. Allen, supervisor, who testified he considered "sitters" as independent contractors. This testimony was in answer to the question of whether or not aids or sitters (working in the hospital) had the right to use the employees' parking lot and not whether or not plaintiff was entitled to workmen's compensation.
Assuming the attached excerpts are in the record to be considered on the motion for summary judgment, I believe such excerpts, taken out of context, fail completely to prove the contentions of mover. The suit from which they were taken was a claim for damages in tort. Employment, as defined in compensation cases, is entirely different from the definition of employment in tort suits. The question of employment for the purpose of recovering compensation was not even an issue and all testimony relative to employment in the tort case was for the purpose of showing plaintiff was entitled to park on the lot reserved for hospital employees. The two cases were not consolidated and the entire record in the tort case is not a part of this appeal. It seems to me that to take a portion of another record out of context, bearing upon an issue which was not relevant, and make it a declaration against interest in a compensation suit to sustain a summary judgment is patently unjust.
Appellant's original workmen's compensation claim was grounded on the fact that the compensation act provides benefits for *204 workers in three or more categories, particularly:
R.S. 23:1021:
* * * * * *
"(6) `Independent Contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter." (Emphasis ours)
R.S. 23:1044:
"A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter."
* * * * * *
R.S. 23:1061:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor." (Emphasis ours)
Appellant points out that the motion for summary judgment did not cover the third alternative, that is whether she was an employee of an independent contractor. On that issue there would appear to be a material issue of fact as well as the issue raised by the alternative allegation that she was an independent contractor a substantial part of whose work was spent in manual labor.
Cases annotated in the supplement to Louisiana C.C.P. 967 stress that, "All doubts are to be resolved against granting a summary judgment and in favor of a trial on the merits to resolve disputed facts."
Finally, plaintiff is entitled to her "day in court" on the workmen's compensation case and in my opinion she has not had it. See Kennedy v. Bennett (U.S.Ct. of App. 8 Cir. 1958) 261 F.2d 20, where it was said that a "surmise, no matter how reasonable, that a party is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so insubstantial that it would obviously be futile to try them." (Cited cases omitted)
I respectfully dissent.