AYRES, Judge.
This action, instituted in tort, presents plaintiff’s principal demand whereas an alternative demand for workmen’s compensation is contained in Loomis v. Highland Hospital, Inc., bearing No. 12,016 of the docket of this court and this day decided (274 So.2d 200).
After trial, there was judgment rejecting plaintiff’s demands and, from that judgment, she appealed.
This action is predicated upon an accident occurring about 2:40 p. m. on April 2, 1971, when, after parking her car on an unimproved parking lot owned by defendant and designated for the use of its employees only, plaintiff, while walking across the lot, struck her foot against a *199 solid object underneath loose dirt or sand. As a consequence, she stumbled, fell, and struck her head on the street’s concrete curb. Plaintiff claims to have sustained, in the fall, a broken nose, a laceration on the right side of her forehead, and contusions and abrasions over her legs and back.
As detailed in the opinion in the companion case, plaintiff, enrolled as a “sitter,” or medical aid, in the Bluebird Medical Register, Inc., was called on the aforesaid date to sit with Mrs. Martha Patterson, a patient hospitalized and undergoing treatment in the defendant hospital.
Negligence charged to defendant hospital consists of a failure to use reasonable and ordinary care in the maintenance of the parking lot, to correct its hazardous conditions, or to warn petitioner of such conditions known by it to be hazardous. The defendants, the hospital and its insurer, not only denied plaintiff’s allegations of negligence directed to the hospital, but charged that the sole proximate cause of the accident was the negligence of plaintiff in failing to maintain a proper lookout for her own care and safety, and in walking in an unimproved and unpaved area allegedly obvious to and well known by plaintiff or which should have been fully known-by her had she used due, ordinary, and reasonable care. On a basis of the above charges of negligence, defendants, in the alternative, further charged plaintiff with contributory negligence barring her recovery.
Judge C. J. Bolin, Jr., of the trial court, dictating into the record his reasons for judgment, stated:
“This case was tried before Judge Eugene B. Middleton, and he subsequently died. The matter was assigned to me to decide from reading the transcript of the evidence, and from the exhibits on file. I have carefully reviewed the evidence and the transcript. It is my opinion that the demands of plaintiff should be rejected for the following reasons:
“First of all, the facts of the case show that plaintiff, Maxine M. Loomis, was a private employee working as a sitter or aide for a patient in the Highland Hospital. As a private employee, she was required to use some of the hospital’s equipment and take certain instructions from hospital employees. For that reason, she would be classed as an employee, for purposes of the ‘No Parking sign’, or ‘Parking for employees only.’ So that, in my opinion, she, even though being a private employee, was actually within the meaning of those persons authorized to park on this parking lot. She was an invitee. But, even so, the law requires that some negligence be proved on the Highland Hospital in order to hold them liable.
“I find no defect in the premises of the parking lot as is contemplated by the Louisiana law. I find that the parking lot was unimproved and obviously so, but I don’t find that the fact that the parking lot was not smooth, is such a defect as would require the Highland Hospital to be liable under the circumstances.
“The unimproved condition of the parking lot was obvious to all persons, including Mrs. Loomis, at the time she parked her car in this instance, and must have been obvious to her on the previous occasions that she parked her car there.
[The parking lot was formerly the site of an old residence which had been demolished and moved away. Plaintiff described the lot as being “unpaved” and “quite bumpy with old concrete blocks and rocks and potholes, etc.”]
“The only facts that Mrs. Loomis is able to give are that she testified she stumbled and fell because her foot went down in the soft dirt and struck something there, and she turned her ankle. Her testimony stands alone.
“There is no evidence to justify a finding that this was a hidden defect. My conclusion is that regardless of the fact that the parking lot was unimproved, there was no negligence shown *200 on the part of the defendant m this case.”
 The testimony in the record supports the conclusion reached by the trial court that defendant was free from fault. In any event, in our opinion, from our own review of the record, Mrs. Loomis was clearly guilty of negligence, at least, in contributing to the accident by not keeping a proper lookout where she was walking in an area known to be unimproved and hazardous.
For the reasons assigned, the judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.