421 So.2d 288 (1982)
Elizabeth VAUGHN
v.
BATON ROUGE GENERAL HOSPITAL.
No. 15003.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*289 Alan L. Schwartzberg, Baton Rouge, for plaintiff-appellant, Elizabeth Vaughn.
Felix R. Weill, Baton Rouge, for defendant-appellee, Baton Rouge General Hosp.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
This appeal stems from the trial court's dismissal of the claimant's action for benefits under the Louisiana Workmen's Compensation Law.
The issue presented here is the status of employment, if any, of the claimant. Claimant contends, alternatively, that she was an actual, implied, statutory, or borrowed employee of Baton Rouge General Hospital, such that workmen's compensation benefits would be due her for an injury which she received during her employment.
We affirm the holding of the trial court.
This suit arose when claimant was a "sitter" at Baton Rouge General Guest House, an extension of Baton Rouge General Hospital. The claimant was injured while assisting *290 a patient back to her room. The patient fell, causing the claimant to fall with her, resulting in injuries to the claimant.
The claimant had listed herself with the Baton Rouge Nursing Service, a private firm, as available to care for patients as a "sitter". In such capacity, she was employed by various patients prior to her injuries. At the time of claimant's injury, she was employed as a "sitter" for a Mrs. Brown. Because of our decision herein, it is unnecessary that we go into the nature or severity of the claimant's injuries.
A prerequisite to any action arising under Workmen's Compensation Law is the existence of an employer-employee relationship. Dupre v. Sterling Plate Glass & Paint Company, Inc., 344 So.2d 1060 (La. App. 1st Cir.1977), writ denied, 347 So.2d 246 (La.1977). The burden of proof is upon the claimant to establish this requisite by a reasonable preponderance of the evidence. Loomis v. Highland Hospital, Inc., 274 So.2d 200 (La.App. 2nd Cir.1973). Right to control is the essence of this relationship, evidenced by four primary factors:
1. Selection and engagement.
2. Payment or wages,
3. Power of dismissal, and
4. Power of control
Alexander v. J.E. Hixson & Sons Funeral Home, 44 So.2d 487 (La.App. 1st Cir.1950); Gaspard v. Travelers Insurance Company, 284 So.2d 104 (La.App. 3rd Cir.1973); St. Paul Fire & Marine Insurance Company v. Richard, 208 So.2d 35 (La.App. 3rd Cir. 1968), writ refused, 210 So.2d 54 (La.1968). None of these factors are the sole determinant in an employer-employee relationship. As a general rule, for such a relationship to exist, there must be a contract of employment, either expressed or implied, whereby services are furnished in anticipation of compensation. Dupre, supra.
Claimant's first contention that she was an actual or implied employee of Baton Rouge General Hospital is untenable. Mrs. Brown, through her brother, paid claimant on an hourly basis. At no time did the claimant receive payment from Baton Rouge General Hospital. Time sheets were examined by Mrs. Brown in the person of her brother, and the checks were drawn on Mrs. Brown's account to make payment throughout the entire time that the claimant was sitting with Mrs. Brown. Baton Rouge General Hospital made no payments to claimant, nor were regular employment records filled out by the claimant with Baton Rouge General Hospital.
The initial contact for employment was made by a nurse employed by Baton Rouge General Hospital. The record indicates that this call was made as an accommodation for the patient, Mrs. Brown. Admittedly, Baton Rouge General Hospital did exercise minimal control over some activities of the claimant and her patient. Such control exercised was limited to insuring established medical practices were followed.
Claimant asserts that Baton Rouge General Hospital had the power to fire her. This assertion is without substance. Baton Rouge General Hospital could have excluded claimant from working for Mrs. Brown at Baton Rouge General Guest House. However, Mrs. Brown was free to continue the claimant's employment at any other facility or at Mrs. Brown's personal residence without the approval or consent of Baton Rouge General Hospital. The power of dismissal was not Baton Rouge General Hospital's, but Mrs. Brown's.
The record is devoid of any fact which would substantiate an implied employer-employee relationship between Baton Rouge General Hospital and the claimant herein.
Claimant alleges that she is a statutory employee, under the provisions of L.S.A.-R.S. 23:1061. One of the essential elements of statutory employee status is a contractual relationship between the principal and the contractor for the execution by the contractor of the whole or any part of the principal's work. The record does not support any such contention. The only contract of employment that exists in this matter is that between the claimant and her patient, Mrs. Brown.
*291 Claimant's allegation of being a "borrowed servant" fails to meet the requisites of such doctrine. The court in Dupre stated:
"Implicit in the right to control is the necessity that the lending employer relinquish its control over its employee to the borrowing employer and that he is performing work for the borrowing employer's business. Benoit v. Hunt Tool Company [45 So.2d 512], supra; Berry Brothers General Contractors, Inc. v. Air Marine, Inc. [328 So.2d 771], supra. Additionally, the concept of the `borrowed employee' doctrine, by its terms, connotes an agreement of some type between the lender and the borrower, that the lender relinquished such control of the employee to the borrower, ..." 344 So.2d 1060, 1063-64 (La.App. 1st Cir.1977).
Absent from the record is not only any substantiation of a contract between Baton Rouge General Guest House and Baton Rouge Nursing Service or Mrs. Brown for the relinquishment of their control over the plaintiff, but also any contract that the Baton Rouge Nursing Service was an employer of any sort. The "borrowed servant" doctrine is inapplicable in this instance.
For the foregoing reasons, the judgment of the trial court is affirmed. Claimant is to pay all costs.
AFFIRMED.