644 So.2d 851 (1994)
L. Camello GENUSA, Sr.
v.
POINTE COUPEE VOLUNTEER FIRE DISTRICT NO. 4 & Commercial Union Insurance Company.
No. 93 CA 2214.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Doris Falkenheiner, Baton Rouge, for appellant, L. Carmello Genusa, Sr.
Daniel R. Atkinson, Jr., Baton Rouge, for appellee, Pointe Coupee Volunteer Fire Dist. No. 4, et al.
Before GONZALES, FOGG and PARRO, JJ.
GONZALES, Judge.
The issue in this case is whether the Louisiana Worker's Compensation Law applies to volunteer firemen. Plaintiff-appellant, Mr. L. Carmello Genusa, Sr., while a member of the Pointe Coupee Volunteer Fire District, a member of its board of commissioners, and Fire Chief of the district, injured his back *852 while attempting to repair a fire truck. Mr. Genusa filled out a report and filed a claim for worker's compensation, and began receiving minimum benefits of $70 per week from Commercial Union Insurance Company, the worker's compensation insurer of the Pointe Coupee Fire Department. The payments continued for two and a half years, after which time they were discontinued. Mr. Genusa then filed a Disputed Claim for Compensation. After trial on the merits, the administrative hearing officer ruled in favor of the Pointe Coupee Volunteer Fire District and Commercial Union, its insurer, dismissing Mr. Genusa's claim with prejudice for the following reasons:
There is no evidence that the claimant received even food, shelter, uniforms or equipment. Certainly he received no wages or other remuneration. The compensation act is based on a wage loss theory. In fact, it is to replace some part of the workers' weekly wage lost as the result of an accident, and to pay for medical care as well as funeral expenses and survivor benefits in case of death. Volunteers, by definition, receive no wages. Therefore, they are not included on any payroll upon which the premium of a compensation policy is based. Furthermore, without any average weekly wage, there is no basis for computing the weekly benefit amount.
Mr. Genusa then filed this appeal.
The first issue raised on appeal by Mr. Genusa is his argument that the Pointe Coupee Volunteer Fire District and Commercial Union Insurance Company are estopped from alleging that he is not an employee within the meaning of the Louisiana Worker's Compensation Law because they paid him weekly worker's compensation benefits for two and a half years.
However, Louisiana Revised Statute 23:1204 provides "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter." Further, this Court held in Robin v. Brandin, 45 So.2d 423, 427 (La.App. 1st Cir.1950):
The mere fact that the defendant Brandin carried compensation insurance and that the plaintiff was paid compensation in the erroneous belief that he was entitled to it might be a circumstance tending to show that the insurance company believed that his injuries were compensable and that they were liable, but such facts do not estop the defendants from denying any liability under the compensation law when they learned they were not, in fact, liable.
This argument has no merit.
The second issue raised on appeal by Mr. Genusa is the administrative hearing officer's finding that he is not an "employee" within the meaning of the Louisiana Worker's Compensation Law. He argues that the administrative hearing officer's decision turned on the absence of any wages or other types of remuneration for his services, but that the essence of the employment relationship is not based upon remuneration, but upon the right of control.
It is settled law that a prerequisite to any action arising under the Louisiana Worker's Compensation Law is the existence of an employer-employee relationship. Dupre v. Sterling Plate Glass & Paint Company, Inc., 344 So.2d 1060, 1063 (La.App. 1st Cir.), writ denied, 347 So.2d 246 (La.1977); Vaughn v. Baton Rouge General Hospital, 421 So.2d 288, 290 (La.App. 1st Cir.1982). The essence of the relationship is the right to control. The four primary evidentiary factors considered in deciding the above are: 1) selection and engagement; 2) payment of wages; 3) power of dismissal; and 4) power of control. Alexander v. J.E. Hixson & Sons Funeral Home, 44 So.2d 487, 488 (La.App. 1st Cir.1950); St. Paul Fire & Marine Insurance Company v. Richard, 208 So.2d 35, 38-39 (La.App. 3d Cir.) (on rehearing), writ denied, 252 La. 171, 210 So.2d 54 (1968); Vaughn, 421 So.2d at 290. None of these factors are the sole determinant of an employer-employee relationship. However, as a general rule, for such a relationship to exist, there must be a contract of employment, either expressed or implied, whereby services are furnished in anticipation of compensation. Dupre, 344 So.2d at 1063; Vaughn, 421 So.2d at 290.
*853 It is clear from the record that Mr. Genusa did not expect remuneration in exchange for his volunteer work at the Pointe Coupee Volunteer Fire District. Further, under La.R.S. 23:1221, the basis for determining the amount of benefits paid to a claimant under the worker's compensation law is the wages the employee earned from the employer prior to the accident. Where no wages were earned, there is no basis for calculating benefits.
Also, Louisiana Revised Statute 23:1046 provides in part:
The provisions of this chapter are inapplicable to uncompensated officers and uncompensated members of the board of directors of bona fide, nonprofit veterans and other bona fide, nonprofit organizations which are charitable, educational, religious, social, civic or fraternal in nature.... (Emphasis added.)
This statute provides that Mr. Genusa's status as Fire Chief and his status as a member of the board of commissioners of the Pointe Coupee Volunteer Fire District clearly did not entitle him to worker's compensation benefits; further, we find that as a member of the volunteer fire department, his services were in the nature of a gratuity and he neither expected nor received financial compensation upon which worker's compensation benefits could be calculated.
After a thorough review and evaluation of the record, we find no error in the administrative hearing officer's judgment and we affirm, casting plaintiff-appellant, Mr. Genusa, with all costs.
AFFIRMED.