STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-353


JAMES C. BROWN, IV

VERSUS

ZURICH AMERICAN INSURANCE COMPANY, ET AL.


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 220,425,
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.


**REVERSED.**

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
Post Office Box 1311
Alexandria, Louisiana  71309
(318) 487-4589
Counsel for Plaintiff/Appellant:
        James C. Brown, IV

Charles J. Foret
Jason R. Garrot
Briney & Foret
Post Office Drawer 51367
Lafayette, Louisiana  70505
(337) 237-4070
Counsel for Defendants/Appellees:
        Zurich American Insurance Company
        Ouachita Fertilizer Company, Inc.
        Abell Corporation

SULLIVAN, Judge.

Plaintiff appeals the trial court's grant of summary judgment in favor of Defendants. We reverse.

### Facts

James C. Brown, IV, was injured on October 19, 2004, at the Ouachita Fertilizer Company, Inc. (Ouachita) facility located at 4915 Hot Wells Road (McNutt facility) in Rapides Parish. Ouachita is owned by Abell Corporation and is insured by Zurich American Insurance Company. After his accident, Mr. Brown sued these parties, asserting they are liable to him in tort, and also filed a claim seeking workers' compensation benefits.

Ouachita sells and transports liquid fertilizer to farmers and provides applicators to the farmers for application of the fertilizer purchased. Mr. Brown had been employed by Ouachita as a seasonal worker beginning February 1, 1997. He worked from February 1 through August 31 of each year. In 2004, he was promoted to service manager and was responsible for servicing and maintaining all equipment at the McNutt facility. His last day of work before his accident was August 31, 2004. He filed a claim for unemployment benefits after he was terminated on August 31, 2004 and was receiving unemployment benefits at the time of his accident.

Ouachita provided Mr. Brown with a key to the shop at the McNutt facility, a company truck, a company credit card, and a facsimile machine which remained in his possession during the off-season, September 1 through January 31. Ouachita provided him with uniforms and paid to have them dry cleaned. Occasionally, Mr. Brown did work-related activities during the off-season. For example, he attended a company meeting prior to the 2004 season, and he picked up four pieces of equipment that had been sent out for sandblasting before August 31, 2004, but were

not complete until after that date. He also had occasion to assist local farmers with obtaining fertilizer from Ouachita during the off-season. Mr. Brown lived approximately two miles from the McNutt facility and passed it frequently during the off-season. He would stop and check the facility and equipment during the off-season to insure nothing was missing or stolen.

Mr. Brown was injured when he was preparing a piece of fertilizer equipment for use the next day. He testified that he was preparing the equipment for use by a farmer who purchased fertilizer from Ouachita. However, the farmer testified that he obtained a quote for fertilizer for use at his farm but did not purchase any fertilizer. Dale Andries, sales manager for Ouachita, also testified that the farmer requested a quote for fertilizer but did not purchase any fertilizer.

Mr. Brown testified that he called Mr. Andries to have him call the farmer with a quote on fertilizer and that Mr. Andries asked him if he had time to get the fertilizer and equipment ready for the farmer. Mr. Andries testified that Mr. Brown told him he would take care of things for the farmer. Gary Parker, who is in charge of service for Ouachita in Louisiana, testified that in a telephone conversation he had with Mr. Brown, Mr. Brown offered to get things ready for the farmer. Mr. Parker also testified that he would never have demanded that Mr. Brown provide the assistance and would have sent another employee to do it if Mr. Brown had not offered to do it. With regard to Mr. Brown's assistance during the off-season, he explained that Mr. Brown "did things that were not specifically asked of him, demanded of him, but he just . . . had taken kind of ownership in that location, that was his stuff and his customers and even though he wasn't on the payroll he probably, in my opinion, didn't want anybody else fooling with it."

2

Ouachita filed a motion for summary judgment, asserting that Mr. Brown was its employee at the time he was injured; therefore, workers' compensation benefits were his sole remedy. After a hearing, the trial court held that Mr. Brown was employed by Ouachita at the time he was injured. Mr. Brown filed a motion for new trial, which was denied, then filed this appeal.

### Motions for Summary Judgment

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id.*

Appellate courts review motions for summary judgments de novo, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P.

art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

### *Discussion*

As the movant on summary judgment, Defendants have the burden of proving that no genuine issue of material fact exists as to its contention that Mr. Brown was Ouachita's employee at the time of his accident. Defendants rely on the presumption of employee status found in La.R.S. 23:1044, which provides in part: "A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." This presumption is usually relied upon by an alleged employee seeking workers' compensation benefits, but it is also available to a party in Defendants' position, who seeks to interpose the immunity of La.R.S. 23:1032 to a tort claim. *See Elmore v. Kelly*, 39,800 (La.App. 2 Cir. 7/29/05), 909 So.2d 36.

The presumption contained in La.R.S. 23:1044 is based upon the employer/employee relationship, "the essence of [which] is the right to control." *Hillman v. Comm-Care, Inc.*, 01-1140, p. 8 (La. 1/15/02), 805 So.2d 1157, 1162 (quoting *Alexander v. J.E. Hixson & Sons Funeral Home*, 44 So.2d 487, 488 (La.App. 1 Cir. 1950)). Four primary factors evidence the right to control: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. *Id*. Determination of this issue requires consideration of the totality of the circumstances, and no single factor is determinative of whether an employer/employee relationship exists. *Harrington v. Hebert*, 00-1548 (La.App. 3 Cir. 5/23/01), 789 So.2d 649.

4

Without examining the factors set forth above, the trial court concluded that Mr. Brown was performing work in the course and scope of his employment with Ouachita at the time of his accident, stating:

> From the end of the growing season to the beginning of the growing season, Mr. Brown was an employee who would inspect the job site and make sure the equipment was not missing or stolen. In addition, he kept a company truck, had a company credit card, and wore Ouachita uniforms that Ouachita paid for dry cleaning on a year-round basis.

Mr. Brown contends that the trial court's conclusion was wrong because there are issues of material fact which render the grant of summary judgment improper. We must review the factors of an employer/employee relationship in light of the evidence to determine whether a material issue of fact exists.

With regard to selection and engagement, Defendants contend Ouachita selected and engaged Mr. Brown as a service manager. This is true; however, the evidence indicates that Ouachita's selection and engagement of Mr. Brown ended on August 31, 2004. The testimony of Mr. Brown, Mr. Parker, and Mr. Andries suggests that Mr. Brown offered to assist Ouachita and its customers during the off-season, not because he was obligated to do so but in hopes of being rehired, and that Ouachita accepted his offer.

The evidence establishes that neither Ouachita nor Mr. Brown anticipated that any wages would be paid for the assistance he provided during the off season. While no single factor of the right-to-control analysis is determinative, there is a general rule that for an employment relationship to exist, "there must be a contract of employment, either expressed or implied, whereby services are furnished in anticipation of compensation." *Genusa v. Pointe Coupee Volunteer Fire Dist. No. 4*, 93-2214, p. 3 (La.App. 1 Cir. 10/7/94), 644 So.2d 851, 852. *See also Perry v. Perry & Sons Vault*

5

*& Grave Serv.*, 03-1519 (La.App. 3 Cir. 5/12/04), 872 So.2d 611. It is not "required that the amount or terms of payment be settled, so long as the circumstances fairly indicate that the services were not intended as a gratuity and both parties [understand] that payment was to be made" for the services. H. ALSTON JOHNSTON, III, 13 LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION, § 52, p. 62 (4th ed. 2002).

With regard to dismissal and power of control, Mr. Parker testified that he could not have demanded Mr. Brown assist Mr. Matthews. Mr. Brown testified that he did not have any duties during the off-season, that he did not have to do anything that he did not want to do, and that whatever he did, he did it to get hired the next season. This testimony was not disputed. Mr. Parker's and Mr. Andries' testimony indicate that they did not consider dismissal to be an issue. Rather, they considered Mr. Brown as having offered his assistance, which they could have refused but did not.

Lastly, the evidence does not establish that Mr. Brown's presence and activities at the McNutt facility were in furtherance of Ouachita's business. The farmer for whom Mr. Brown testified he was preparing the fertilizer and equipment denied purchasing fertilizer from Ouachita at that time, and Mr. Andries did not recall the farmer making a purchase at that time either. Furthermore, the farmer and Mr. Andries testified that Mr. Brown's father related after his accident that Mr. Brown was preparing the equipment and fertilizer for use on his own property.

Our review of the evidence establishes that not one factor of the employer/employee right-to-control test has been definitively established; thus, Ouachita has not proven that it is entitled to judgment as a matter of law.

6

The trial court's Written Reasons indicate that it concluded Mr. Brown was an employee of Ouachita because he inspected the McNutt facility during the off-season, a company truck and a company credit card were left in his possession during the off-season, and Ouachita provided Mr. Brown with uniforms and paid for the dry cleaning of those uniforms year round. First, we observe that these are simply factors to be considered and that these factors alone do not establish the existence of an employer/employee relationship. Furthermore, while the evidence established that Ouachita provided Mr. Brown with uniforms and Ouachita paid for dry cleaning his uniforms, it did not establish that Ouachita paid for dry-cleaning during the off-season or that Mr. Brown wore uniforms during the off-season.

Prior to the hearing on the motion for summary judgment, Mr. Brown filed a motion to compel the production of statements of potential witnesses taken by Ouachita. The trial court determined that the motion to compel was moot in light of its finding that Mr. Brown was Ouachita's employee at the time of his accident. That is no longer the case, and Mr. Brown can now proceed with his motion to compel.

### *Disposition*

The trial court's judgment granting summary judgment in favor of Defendants is reversed. All costs of this appeal are assessed to Defendants.

**REVERSED.**