GUIDRY, Justice.*
|,We granted the writ application in this matter to review an issue of first impres *181 sion in this court: whether the Louisiana Workers’ Compensation Law, specifically La. R.S. 23:1036, which provides workers’ compensation as the exclusive remedy for a volunteer member of a fire company in claims for personal injury against the “fire company,” similarly applies to claims for personal injury against fellow volunteer members. After reviewing the record and the law, we find the defendants have failed to establish that the Workers’ Compensation Law grants immunity to fellow volunteer members of a volunteer fire company from suits in tort. Accordingly, for the reasons expressed below, we affirm the decisions of the lower courts in denying the defendants’ motion for summary judgment.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Rodney Champagne, was a volunteer firefighter -with the Duson 12Volunteer Fire Department (“DVFD”). On or about June 28, 2010, plaintiff was testing a water hose on a pumper jack designated as Engine No. 46, along with a fellow firefighter, Daniel Lavergne. During this procedure, plaintiff alleges, the hose wall burst, striking him in the head and causing a skull fracture and permanent injuries. Subsequently, plaintiff and his wife, individually and on behalf of their minor child, filed the instant tort suit against several defendants, including Mr. Lavergne, and American Alternative Insurance Corporation (“AAIC”).[1] AAIC had issued an automobile insurance policy to the fire company that purported to cover Mr. Lavergne.[2]
Defendants AAIC and Mr. Lavergne filed a motion for summary judgment, asserting Mr. Lavergne is immune from tort liability under the Louisiana Workers’ Compensation Law, because he was plaintiffs co-volunteer or co-employee. In support, defendants relied on La. R.S. 23:1036, which provides that workers’ compensation shall constitute the exclusive remedy of volunteer fire members against the fire company.[3] Defendants contended this statute wholly incorporates La. R.S. 23:1032(A)(l)(a), which extends tort immunity to co-employees of the employer or principal.[4] Plaintiffs opposed the motion, *182 arguing La. R.S. 23:1036(A) |sby its own language limited the legislative grant of immunity to the “fire company,” and did not extend to another volunteer member by means of reference to La. R.S. 23:1032.
After a hearing, the trial court denied the defendants’ motion for summary judgment. The trial court reasoned that “[t]he clear language of LSA R.S. 23:1036(A) specifically limits the remedy of a volunteer member to worker compensation benefits against the ‘fire company’ only.” The court found the statute to be “self-limiting and cannot be extended to eliminate a volunteer member’s cause of action in tort against another volunteer member, even with its reference to R.S. 23:1032.” The trial court acknowledged the legislature might have intended to further restrict volunteer members’ claims, but the court found it could not “create such a restriction by, in effect, adding language to the above-cited statute.”
Defendants sought supervisory review from the trial court’s ruling. The court of appeal ordered briefing and oral argument, but a majority ultimately denied the writ application after finding no error in the trial court’s ruling. The majority opinion recognized that the trial court had applied a basic and well-settled principle of statutory construction in resolving an issue of law, that is, “words of law must be given then* generally prevailing meaning.” La. Civ.Code art. 11. The majority further acknowledged that, where statutes are clear and unambiguous, no interpretation thereof may be attempted by the courts. The majority was aware that the letter of the law may not be abandoned in an effort to pursue the spirit thereof, |4but if, as a consequence of following the letter of the law, an absurd result is reached, then it is the duty of courts to seek out the motive which prompted the enactment. The majority further stated “the Louisiana legislature has recognized that ‘[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.’” LSA-C.C. art. 9; Sherwood Forest Country Club v. Litchfield, 08-194, pp. 8-9 (La.12/19/08), 998 So.2d 56, 62. In finding no error in the trial court’s denial of the motion for summary judgment, the majority recognized its decision “may make members of the community reluctant to act as volunteers at their local department; however, this issue should be addressed by the legislature.”
The dissenting judge stated that, read together, La. R.S. 23:1036(A) and 23:1032(A)(1) have the effect of not only granting workers’ compensation coverage to volunteer fire fighters, but also shielding them from tort liability for their actions in the course and scope of their work as volunteer fire fighters.
We granted the writ application to review the correctness of the lower courts’ rulings. Champagne v. American Alternative Ins. Corp., 12-1697 (La.11/2/12), 99 So.3d 658.
LAW and ANALYSIS
In this case, the defendants are seeking to avail themselves of the immunity from tort liability granted under the Workers’ Compensation Act, and therefore they *183 have the burden of proving entitlement to such immunity. Mundy v. Department of Health & Human Resources, 593 So.2d 346, 349 (La.1992). Additionally, the defendants have filed for summary judgment on the issue of statutory immunity under La. R.S. 23:1036, and thus carry the burden of proof on the motion for summary judgment, as well as their burden of proof on the issue of immunity. La. C.C.P. art. 966(C).
[sOur review of a grant or denial of a motion for summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A motion for summary judgment -will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law.” La. C.C.P. art. 966(B). Because there are no material facts genuinely in dispute with regard to the application of the Workers’ Compensation Act, the sole question before us is a purely legal issue, that is, whether the Workers’ Compensation Act, by granting the volunteer firefighter with the sole remedy of workers’ compensation in suits against the “fire company” correspondingly precludes suits in tort by a volunteer firefighter against a fellow volunteer firefighter.
Resolution of this issue requires us to determine the meaning and intent of La. R.S. 23:1036(A). The function of statutory interpretation and the construction given to legislative acts rests with the judicial branch of the government. Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development, 10-0193 (La.1/19/11), 56 So.3d 181, 187-88; Touchard v. Williams, 617 So.2d 885 (La.1993). The rules of judicial interpretation of statutes are designed to ascertain and enforce the intent of the legislature in enacting the statute. SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La.6/29/01), 808 So.2d 294, citing Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, 766; State v. Piazza, 596 So.2d 817, 819 (La.1992). The fundamental question in all cases of statutory construction is legislative intent and the reasons that prompted the legislature to enact the law. Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, 1128. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further inquiry made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4.
| fiThe meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning. the same subject matter and construing the provision in a manner that is consistent with the express terms of the statute and with the obvious intent of the lawmaker in enacting it. Boyter, 756 So.2d at 1129; Stogner, 739 So.2d at 766. The statute must therefore be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. Boyter, 756 So.2d at 1129. Courts should give effect to all parts of a statute and should not adopt a statutory construction that makes any part superfluous or meaningless, if that result can be avoided. Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360 (La.12/3/03), 860 So.2d 1112; Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007 (La.5/16/00), 761 So.2d 504, 507; Boyter, 756 So.2d at 1129. Furthermore, “the object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law *184 and the statute construed so as to produce a reasonable result.” First Nat’l Bank of Boston v. Beckwith Mach. Co., 94-2065 (La.2/20/95), 650 So.2d 1148, 1153 (quoting Smith v. Flournoy, 238 La. 432, 115 So.2d 809, 814 (1959)).
It is well-settled that the Louisiana Workers’ Compensation Law is a quid-pro-quo system that affords the injured worker with certain but limited benefits in exchange for the general immunity from tort liability granted to the employer. Nevertheless, the immunity provisions of the Workers’ Compensation Law derogate from the delictual rights of injured workers existing in the Louisiana Civil Code, and, therefore, must be narrowly construed to make the least, rather than the most, change in the existing body of law. See, e.g., Stelly v. Overhead Door Co. of Baton Rouge, 94-0569 (La.12/8/94), 646 So.2d 905, 909-10; Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 345-46. | ^Accordingly, “every presumption should be on the side of preserving the general tort or delictual rights of an injured worker against the actual wrongdoer, in the absence of explicitly statutory language limiting or excluding such rights.” Roberts, 634 So.2d at 346.
The starting point in the interpretation of any statute, of course, is the language of the statute itself. Touchard, 617 So.2d at 888. The relevant version of La. R.S. 23:1036(A) provides:
A. It is hereby declared by the Legislature of Louisiana that the fire prevention and suppression services provided by volunteer fire companies are vital to the protection of the safety of the citizens of the state. This Section is intended to present the state fire marshal with a means by which he shall provide workers’ compensation coverage to volunteer members of fire companies. The remedies provided herein shall constitute the exclusive remedy of the volunteer member against the fire company as provided in R.S. 23:1032.
Since its amendment in 2009, this statute provides that a person covered under La. R.S. 23:1036, a volunteer firefighter, is entitled only to medical benefits and burial expenses, but no other indemnity benefits under the Workers’ Compensation Law. See La. R.S. 23:1036(0(2) and (H); Acts 2009, No. 304, Sect. 3, eff. July 1, 2009. Although the section, as originally enacted by Acts 1997, No. 1047, Sect. 1, eff. July 11, 1997, additionally provided other indemnity benefits and set forth the method for calculating such benefits, those provisions were repealed in 2009. See Acts 2009, No. 304, Sect. 3, eff. July 1, 2009. Nevertheless, to be entitled to medical benefits and burial expenses under this section since 2009, the volunteer firefighter must be a member carried on the membership list of the organization as of the date of the member’s injury. La. R.S. 23:1036(C)(3). The statute defines a “fire company” as “any organization established to provide fire prevention and suppression services for the general public.” La. R.S. 23:1036(D)(1). “Volunteer members” are defined as “individuals who are carried on the membership list of the organization as active | ¿participants in the normal functions of the organization and who receive nominal or no remuneration for their services.” La. R.S. 23:1036(D)(4). Thus, under the plain wording of La. R.S. 23:1036(A), an otherwise eligible volunteer member of the organization, who is injured in the line of duty, is exclusively limited to medical benefits and burial expenses in non-intentional, personal injury claims against the “fire company,” which is specifically defined in the statute as an “organization” without reference to the “volunteer members” thereof.
Defendants argue La. R.S. 23:1036(A) has an internal inconsistency, in that the *185 first portion of La. R.S. 23:1036(A)’s last sentence, standing in isolation, can be read to limit workers’ compensation immunity solely to the fire company, whereas the last phrase, “as provided in R.S. 23:1032,” specifically incorporates La. R.S. 23:1032, which applies workers’ compensation tort immunity to officers and employees of the employer or principal. According to defendants, when La. R.S. 23:1036 in its entirety is taken into account with the stated purpose therein, the legislature clearly intended to encourage participation in the vital activity of volunteer firefighting by covering volunteer members with all aspects of the Workers’ Compensation Law, including immunities. Defendants maintain a strict construction principle should only be applied as a last resort, when more precise instruments of statutory construction fail to expose the legislature’s intent. Defendants further argue that, to not include co-volunteers as co-employees under La. R.S. 23:1032 is to render the phrase, “as provided in La. R.S. 23:1032,” superfluous and meaningless.
We decline, on the face of the statutory language before us, to conclude the phrase “as provided in La. R.S. 23:1032” found in La. R.S. 23:1036(A) was intended by the legislature to define fellow volunteer members of the fire company as “co-employees” of the organization, to grant such volunteer members immunity from their negligent acts, and, therefore, to limit an injured volunteer member’s 19remedy of redress only to medical benefits and burial expenses from the “fire company.”[5]
La. R.S. 23:1032(A)(l)(a) provides:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
The reference in La. R.S. 23:1036(A) to La. R.S. 23:1032 is not superfluous or meaningless, as R.S. 23:1032 further defines the exclusivity of the remedy and damages, excepting intentional acts and other specifically created rights, as against the “fire company” granted under the Workers’ Compensation Law to volunteer firefighters who are injured in the line of duty. We are not unmindful of the history of executive officer and employee liability under La. R.S. 23:1032 in the workers’ compensation arena — which surely was well-known to the legislature when it enacted La. R.S. 23:1036. See Canter v. Koehring Co., 283 So.2d 716 (La.1973) (holding that an injured worker was allowed to seek recovery in tort from negligent executive officers and their liability insurers); Bazley v. Tortorich, 397 So.2d 475 (La.1981) (Acts 1976, No. 147 amended La. R.S. 23:1032 to extend the employer’s tort immunity to persons previously considered third parties under the Act, includ *186 ing executive officers and employees); see also Walls v. American Optical, 98-0455 (La.9/8/99), 740 So.2d 1262, 1265-66 (discussing executive |10officer immunity in wrongful death suits).
However, the legislature was certainly aware of the jurisprudence of the Louisiana courts holding that a volunteer firefighter is not an “employee” of the fire district, when the legislature first enacted La. R.S. 23:1036 in 1997 and again when it amended the statute in 2009. In Genusa v. Pointe Coupee Volunteer Fire Dist. No. 4, 93-2214 (La.App. 1 Cir. 10/7/94), 644 So.2d 851, the court was called upon to decide whether the Workers’ Compensation Law applies to volunteer firemen. The Genusa court found no employer-employee relationship had been established between the volunteer fireman and the fire district and, therefore, he was not eligible for workers’ compensation benefits from the fire district. In that case, the plaintiff was a member of the volunteer fire district, who had injured his back while attempting to repair a fire truck. He initially applied for and received workers’ compensation benefits, but those benefits were later halted. He then filed a disputed claim for benefits against the fire district and its insurer. The hearing officer dismissed the claim and the court of appeal affirmed.
The Genusa court, noting the prerequisite to any action arising under the Workers’ Compensation Law is the existence of an employer-employee relationship, found no contract of employment, whether express or implied, whereby services are furnished in anticipation of compensation. Genusa, 644 So.2d at 852 (citing Vaughn v. Baton Rouge General Hospital, 421 So.2d 288 (La.App. 1st Cir.1982)). The court reasoned that, as a member of the volunteer fire department, the plaintiffs services were in the nature of a gratuity, and he neither expected nor received financial compensation upon which workers’ compensation benefits could be calculated. Id., 644 So.2d at 853.
The defendants assert the legislature in 1997 passed Act No. 1047, enacting La. R.S. 23:1036, to abrogate Genusa. Although we agree the legislature was likely acting in response to Genusa, by granting the volunteer member some |nworkers’ compensation benefits from the fire company and setting forth the manner of calculating such benefits in the absence of wages from the fire company (provisions that were later repealed), we disagree that the legislature also specifically changed the law to define a volunteer member of a volunteer fire company as an “employee” of the fire company for the purposes of immunity under the workers’ compensation law. We decline to write in the words “volunteer member” in La. R.S. 23:1032(A)(1)(a), nor does our refusal to do so produce an absurd result. As the plaintiff notes, volunteer firemen have always had tort exposure; the tort remedy for volunteer firemen against co-volunteers has always existed; and the fire company in this case purchased insurance coverage to protect its volunteer members from such exposure. As the lower courts reasoned, had the legislature intended to include volunteer firemen under the ambit of the immunity granted by the Workers’ Compensation Act, it could have explicitly used the language “volunteer member” or “volunteer firemen,” as it has done in other statutes offering immunity to volunteer firemen. See, e.g., La. R.S. 37:1735 (immunity for liability for volunteer firemen).[6]
CONCLUSION
For the reasons set forth above, we find the lower courts did not err in denying the *187 defendants’ motion for summary judgment on the issue of whether the Louisiana Workers’ Compensation Act, specifically La. R.S. 23:1036, which provides workers’ compensation as the exclusive remedy for a volunteer member 112of a fire company in claims for personal injury against the “fire company,” similarly applies to claims for personal injury against fellow volunteer members. After reviewing the record and the law, we find the defendants have failed to establish as a matter of law that the Workers’ Compensation Act grants immunity to a volunteer member of a volunteer fire company from suit in tort filed by a fellow volunteer member. Accordingly, the rulings of the lower courts are affirmed.
AFFIRMED
Judge JEFFERSON D. HUGHES III, assigned as Justice pro tempore, sitting for KIMBALL, C.J. for oral argument. He now sits as an elected associated Justice at the time this opinion is rendered. Retired Judge PATRICK M. SCHOTT, assigned as Justice ad hoc, sitting for WEIMER, J., recused.
VICTORY, Justice, dissents and assigns reasons.

 Judge Jefferson D. Hughes III, assigned as Justice pro tempore, sitting for Kimball, C.J. *181 for oral argument. He now sits as an elected associated Justice at the time this opinion is rendered. Retired Judge Patrick M. Schott, assigned as Justice ad hoc, sitting for Justice John Weimer, recused.

. Plaintiffs also filed suit against Smeal Fire Apparatus Co., the manufacturer of Engine No. 46; Waterous Co., the manufacturer of the centrifugal fire pump; Lafayette Consolidated Government; and Lafayette Parish Fire Protection Association.

. The AAIC policy included a special endorsement providing coverage for volunteer fire fighters. Plaintiffs filed a cross-motion for summary judgment regarding insurance coverage by AAIC. The trial court granted plaintiffs’ motion, in part, insofar as plaintiffs sought a determination that AAIC provided primary insurance coverage to Mr. Lavergne. This ruling is not under review.

. La. R.S. 23:1036(A) provides:
A. It is hereby declared by the Legislature of Louisiana that the fire prevention and suppression services provided by volunteer fire companies are vital to the protection of the safety of the citizens of the state. This Section is intended to present the state fire marshal with a means by which he shall provide workers’ compensation coverage to volunteer members of fire companies. The remedies provided herein shall constitute the exclusive remedy of the volunteer member against the fire company as provided in R.S. 23:1032.

.La. R.S. 23:1032(A)(1)(a) provides:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, *182 including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

. The parties have not directed us to any legislative history, nor have we found any, to convince us that the legislature specifically intended to include fellow volunteer members of the fire company within the law’s grant of immunity from tort liability as "employees” of the fire company. The minutes of the committee meetings for the relevant acts do not reveal any discussion of immunity for fellow volunteer firemen.

. La. R.S. 37:1735, entitled “Immunity from liability for volunteer firemen/' provides as follows:
*187 A. Any volunteer fireman who renders emergency or rescue services while in the performance of his duties at the scene of an emergency shall not be individually liable for civil damages as a result of acts or omissions in rendering the emergency or rescue services. The immunity provided herein shall apply to all acts or omissions except those intentionally designed to harm or those grossly negligent acts or omissions that result in harm to person or property.
B. As used in this Section "volunteer fireman” means any person who is a member of an organized volunteer fire department and who acts according to his duties as a fire fighter.