CRICHTON, J.,
additionally concurs and assigns reasons
[tI concur in the majority’s finding that the Office of Workers’ Compensation erred in the denial of the claimant’s physician’s request for a spinal cord stimulator. I write separately to point out that in addition to the absurd result rendered by the Office of Workers’ Compensation and addressed by the majority (interpreting 40 La. Admin. Code Pt. I, § 2113(A)(2)(c)(v) to expand “topography of pain” to every painful area on the body), disallowing the trial of the spinal cord stimulator as a pain alleviator for the claimant by default dictates that the claimant would require opioids (perhaps indefinitely) for pain relief. In my view, a more conservative nonnarcotic pain management plan (such as the subject stimulator) comports with the spirit and purpose of the Louisiana Workers’ Compensation Act, which is to balance the interests[1] of both the employer and employee by providing “for the timely payment of ... benefits to all injured workers who suffer an injury ... arising out of an in the course and scope of their employment ... .to return such workers ... .to the work force” and to ensure a claimant is entitled to all that is necessary, including “supplies, .... medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state.... ” La. R.S. 23:1010.1 and La. R.S. 23:1203. To deny this claimant the non-narcotic alternative he seeks not only departs from the appropriate interpretation of the Medical Treatment Guidelines addressed by the majority, but would also leave this claimant, who has exhausted all other options, with the unavoidable use of dangerous and addictive opioids for pain relief. Surely this is not what the Louisiana Workers’ Compensation Act seeks to accomplish.

. “It is well settled that the Louisiana Workers’ Compensation Act is a quid-pro-quo system that affords the injured worker with certain but limited benefits in exchange for the general immunity from tort liability granted to the employer." Champagne v. American Alternative Insurance Corporation, 12-1697, p. 6 (La. 3/19/13), 112 So.3d 179, 184 (internal citations omitted).